United States District Court
Eastern District of New York

1:18-cv-06650

Jose Melendez individually and on behalf of all others similarly situated

       Plaintiff

  - against -

One Brands, LLC

       Defendant

Complaint

    The above-named plaintiff individually and on behalf of all others similarly situated, by attorneys, alleges upon information and belief, except for those allegations pertaining to plaintiff, which are based on personal knowledge:

    1.  One Brands, LLC ("defendant") produces, distributes, markets, labels and sells nutrition bars under the eponymous "One Bar" and "One Basix" lines (the "Products").

    2.  The Products are available in no less than a dozen varieties, including:

- Cinnamon Roll
- Birthday Cake
- Cookies and Cream
- Maple Glazed Donut

    3.  The Products are sold to consumers in stores and through the internet, sold by defendant and third-parties.

    4.  The front labels include (i) an image of the characterizing flavor (maple glazed donut) and its name (ii) a color pattern corresponding to the variety (iii) the brand name, "ONE" expressed in a way that the tip of the middle "N" resembles a lightning bolt and (iv) the grams of protein (20) and sugar (1) separated by a line in the middle of the "O."



5.     The representations are misleading because they give the impression that the Products are low in carbohydrates.

6.     Reasonable consumers who purchase the Products seek out high protein snack foods which are also low in carbohydrates, since this is believed to be a way to increase satiety, build muscle and not consume excess calories.

7.     Carbohydrates can be sugars or starches; however, when they are broken down by the body, they are processed as sugars.

8.     Consumers often conflate sugars with carbohydrates, though they are distinct.

9.     Protein is one of the three macronutrients, along with fat and carbohydrates.

10.    The representations are misleading because they contrast one macronutrient (protein) with a component of another macronutrient (carbohydrates), as opposed to the total number of those macronutrients (carbohydrates).

11.    The consumer will reasonably believe that since the body breaks down carbohydrates as sugars, the front-of-package representations have simplified their job of wading through the nutrition facts, since the front label highlights what they are seeking – high protein and low carbohydrates.

12.    When consumers observe the Products' front-label representations which highlight the 20 grams of protein to the 1 gram of sugar, they will reasonably believe the Products are lower

in carbohydrates than they are.

13.     Consumers will think that this "convenient" food has made their life more "convenient," by already calculating and presenting what they interpret to be the most relevant nutrition information on the front of the label.

14.     However, this is misleading because the Products have 23 grams of carbohydrates, indicated on the nutrition facts, a higher amount than reasonable consumers would expect given that the front label emphasizes the "one" gram of sugar.[1]

**Nutrition Facts**
12 servings per container
Serving size    1 bar (60g)

Amount per serving
**Calories**    **220**

| | % Daily Value* |
|---|---|
| **Total Fat** 8g | **10%** |
| Saturated Fat 6g | 30% |
| *Trans* Fat 0g | |
| Polyunsaturated Fat 1g | |
| Monounsaturated Fat 1g | |
| **Cholesterol** 5mg | **2%** |
| **Sodium** 95mg | **4%** |
| **Total Carbohydrate** 23g | **8%** |
| Dietary Fiber 10g | 36% |
| Total Sugars 1g | |
| Includes 0g Added Sugars | 0% |
| Sugar Alcohol 5g | |
| **Protein** 20g | **40%** |
| Vitamin D 0mcg | 0% |
| Calcium 94mg | 8% |
| Iron 0mg | 0% |
| Potassium 83mg | 2% |
| Phosphorus 57mg | 4% |

* The % Daily Value tells you how much a nutrient in a serving of food contributes to a daily diet. 2,000 calories a day is used for general nutrition advice.

---

[1] The nutrition facts and front labels correspond to the Maple Glazed Donut Product.  The relevant values of sugar and protein are the same across the Products, while the total carbohydrates in each bar varies slightly.

3

15. Front-of-package labeling has been proven to be more effective at influencing consumers' purchase decisions, especially for on-the-go-type foods such as protein bars.

16. By using the front-label in such a way, the consumer is spared the need to further review the nutrition facts.

17. Since the labels are being so "transparent" by listing the sugar upfront, it is not conceivable to the consumer that the total carbohydrates would be as high as they are, given the only one gram of sugar.

18. Excluding tax, the Products cost no less than $3.99, a premium price compared to other similar products.

## Jurisdiction and Venue

19. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

20. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

21. This Court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

22. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and in New York.

23. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Class Allegations

24. The classes consist of all consumers in the following states: all, New York who purchased any Products with actionable representations during the statutes of limitation.

25. A class action is superior to other methods for fair and efficient adjudication of this controversy.

26. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

27. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

28. Plaintiff(s) claims and the basis for relief are typical to other members because all were subjected to the same representations.

29. Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

30. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

31. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

32. Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

33. Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

Parties

34. Plaintiff is a citizen of Kings County, New York.

35. Defendant is a Delaware limited liability company with its principal place of business in Charlotte, North Carolina and upon information and belief, no member thereof is a citizen of New York.

36. In 2017 and/or 2018, plaintiff purchased one or more of the Products for personal

consumption, for no less than $3.99 per Product, excluding tax, within this district and/or State.

37. Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the misleading representations.

### New York General Business Law ("GBL") §§ 349 & 350

38. Plaintiff incorporates by references all preceding paragraphs.

39. Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

40. Defendant's representations are false, unfair, deceptive and misleading for the reasons described herein.

41. Plaintiff reasonably believed based on defendant's representations that the Products contained a lower amount of carbohydrates than they did, owing to the front-of-package emphasis on the sugar grams and the comparison of the sugar (part of macronutrient) to protein (one of three macronutrients).

42. Defendant's representations are false, deceptive and misleading for the reasons described herein.

43. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have otherwise, causing damages.

### Negligent Misrepresentation

44. Plaintiff incorporates by references all preceding paragraphs.

45. Defendant misrepresented the composition and nutritional values of the Products and took advantage of erroneous consumer belief and cognitive shortcuts consumers take at the point-of-sale.

46. Defendant had a duty to disclose and/or provide a non-deceptive composition and

6

nutrition of the Products, at all places on the Products as opposed to only on the nutrition facts and knew or should have known its representations were false or misleading.

47. This duty is based, in part, on defendant's position as a trusted brand in the thriving sports nutrition food market.

48. At the time of the representations, defendant knew or should have known same were false or misleading, or made them without knowledge of their truth or veracity.

49. Defendant negligently misrepresented and/or negligently omitted material facts.

50. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

51. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

### Breach of Express Warranty and Implied Warranty of Merchantability

52. Plaintiff incorporates by references all preceding paragraphs.

53. Defendant manufactures and sells protein bar products.

54. Defendant warranted to plaintiff and class members that the Products' composition, nutrition and ratios were different than they were, which was not truthful and misleading.

55. The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

56. As a result, the Products lacked those attributes which were expected.

57. Plaintiff and class members relied on defendant's claims, paying more than they would have otherwise.

### Fraud

58. Plaintiff incorporates by references all preceding paragraphs.

59. Defendant's intent in making the claims was to take advantage of consumers' cognitive shortcuts and the conflation which occurs between carbohydrates and sugar, and how the protein to carbohydrate ratios are important to consumers.

60. Defendant's actions were motivated by increasing their market share amongst the many rival sports nutrition companies.

61. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have otherwise, entitling them to damages.

## Unjust Enrichment

62. Plaintiff incorporates by references all preceding paragraphs.

63. Defendant obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;
2. Entering preliminary and permanent injunctive relief by directing defendant(s) to correct the practices to comply with the law;
3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL claims;
4. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and
5. Such other and further relief as the Court deems just and proper.

Dated: November 20, 2018

                        Respectfully submitted,

                        Sheehan & Associates, P.C.
                        /s/Spencer Sheehan
                        Spencer Sheehan (SS-8533)
                        891 Northern Blvd., Suite 201
                        Great Neck, NY 11021
                        (516) 303-0552
                        spencer@spencersheehan.com

                        Levin-Epstein & Associates, P.C.
                        Joshua Levin-Epstein
                        1 Penn Plaza, Suite 2527
                        New York, NY 10119

1:18-cv-06650
United States District Court
Eastern District of New York

Jose Melendez individually and on behalf of all others similarly situated

Plaintiff

- against -

One Brands, LLC

Defendant(s)

# Complaint

Sheehan & Associates, P.C.
891 Northern Blvd., #201
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated: November 20, 2018

/s/ Spencer Sheehan
Spencer Sheehan