

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300

AMERICA • ASIA PACIFIC • EUROPE          JARDEN@SIDLEY.COM
                                          +1 212 839-5889

April 15, 2019

The Hon. Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Melendez v. ONE Brands, LLC,* No. 18-cv-06650-CBA-SJB – Pre-Motion Conference

Dear Judge Amon:

We represent Defendant ONE Brands, LLC in the above-referenced matter. Pursuant to Your Honor's Individual Rule 3.A., we write to respectfully request a pre-motion conference regarding ONE Brands' proposed motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). As explained below, Plaintiff's claims are preempted by federal law and implausible on their face. In addition, Plaintiff lacks Article III standing to seek injunctive relief. Plaintiff's complaint should be dismissed in its entirety.

### I.     Background

ONE Brands advertises on the front of its ONE Bar that each bar contains 1 gram of sugar and 20 grams of protein. ONE Brands makes no claim about the amount of carbohydrates or any ingredient other than sugar and protein on the front of its bars. As required by FDA regulations, ONE Brands includes a nutrition-facts box on the back of its bars. The nutrition-facts box lists the amount of each ingredient, including the amount of carbohydrates.

Plaintiff alleges that ONE Brands' marketing of the ONE Bar is unlawfully misleading under NY GBL §§ 349 and 350 and various common law theories. DE 1. Plaintiff does not dispute, however, that ONE Brands' sugar claim on the ONE Bar's front label is accurate. And he concedes that the amount of carbohydrates listed in the nutrition-facts box is accurate. *Id.* at ¶ 14. Plaintiff's only complaint is that he had to flip the ONE Bar over to learn the amount of carbohydrates. In his view, it is unlawful for ONE Brands to disclose the amount of sugar on the front label without disclosing the amount of carbohydrates. *See id.* at ¶¶ 5–13.

### II.    Grounds Supporting ONE Brands' Motion To Dismiss

#### A.    Plaintiff's Claims Are Preempted by Federal Law.

Plaintiff's claims are preempted by the Nutrition Labeling and Education Act (NLEA) and associated Food and Drug Administration (FDA) regulations. The NLEA "governs any voluntary nutrient content claim made in the label or labeling of the food which expressly or impliedly … characterizes the level" of certain nutrients. *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d

# SIDLEY

120, 132 (E.D.N.Y. 2018). The sugar statement Plaintiff challenges is a voluntary nutrient content claim. 21 C.F.R. § 101.13(b)(1). The NLEA preempts any "requirement respecting" such claims "made in the … labeling of food that is not identical to" the NLEA (or FDA regulations passed thereunder). 21 U.S.C. § 343-1(a)(5). States thus cannot impose labeling standards that go "beyond, or [are] different from" federal requirements. *In re Pepsico, Inc. Bottled Water Mktg. & Sales Practices Litig.*, 588 F. Supp. 2d 527, 532 (S.D.N.Y. 2008). This means that, "if a product's packaging does not run afoul of federal law governing food labeling, no state law claim for consumer deception will lie." *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018).

The ONE Bar's sugar claim does not fun afoul of federal law. FDA has issued extensive regulations governing voluntary nutrient content claims. *See, e.g.*, 21 C.F.R. §§ 101.60(c), 101.62(c). ONE Brands complies with all of them, and Plaintiff does not allege otherwise. In particular, FDA does not require a product manufacturer to disclose carbohydrate content on the front of the label. That is true even for labels that make claims about sugar. The ONE Bar thus complies with FDA regulations. By bringing this case, Plaintiff is attempting to impose a standard that "go[es] beyond" and "differ[s] from" federal law and FDA regulations. *See In re Pepsico, Inc.*, 588 F. Supp. 2d at 532. And that means that all of Plaintiff's claims are preempted.

**B. Plaintiff's Claims Are Implausible On Their Face.**

**NY GBL §§ 349 and 350.** To state a claim under §§ 349 and 350, a plaintiff must allege that the defendant's conduct is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Axon v. Citrus World, Inc.*, 2018 WL 6448648, at *6–7 (E.D.N.Y. Dec. 10, 2018). Plaintiff's allegations come nowhere close to this standard.

First, Plaintiff has brought an omission claim—he claims that ONE Brands unlawfully omitted the amount of carbohydrates from the front of the ONE Bar package. But courts have held that omission claims are not actionable under §§ 349 and 350. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995).

Second, even if omission claims were actionable, there is no omission. Plaintiff concedes that the ONE Bar's sugar statement is true and that ONE Brands accurately discloses the amount of carbohydrates precisely where the FDA requires that information—in the nutrition-facts box. And the law is clear: a reasonable consumer considers "the product label or advertisement as a whole," including the nutrition-facts box, and a plaintiff thus cannot base a claim on only a portion of the packaging. *Belfiore v. Proctor & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015). A reasonable consumer accordingly would not be misled.

Finally, Plaintiff's only theory is based upon an idiosyncratic consumer who "seek[s] out high protein snack foods which are also low in carbohydrates," DE 1 at ¶ 6, and who "conflate[s]" sugars and carbohydrates, *id.* at ¶ 8, but only because he knows they are different. *See* DE 1 at ¶ 11. Plaintiff is not a reasonable consumer. *See Brumfield v. Trader Joe's Co.*, 2018 WL 4168956, at *2–3 (S.D.N.Y. Aug. 30, 2018).

**Breach of Warranty.** A "breach of express warranty claim is governed by the same reasonable consumer standard as [a] [p]laintiff's [NYGBL] claims." *Axon*, 2018 WL 6448648, at

2

# SIDLEY

*10. Plaintiff's express warranty claim should thus be dismissed for the reasons outlined above. Any implied warranty claim should also be dismissed because, absent contractual privity, implied warranty claims only reach personal injuries. *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015). Plaintiff alleges neither contractual privity nor a personal injury.

**Fraud & Negligent Misrepresentation.** "To state a claim for fraud … a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015). Plaintiff's complaint contains no allegations regarding elements (2) and (3) and fails to plausibly allege the other elements, let alone under the Rule 9(b) standard. For negligent misrepresentation, a plaintiff must allege, among other things, "the existence of a special or privity-like relationship." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014). That relationship does not exist in a mass retail transaction like this one. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 584 (2d Cir. 2005).

**Unjust Enrichment.** ONE Brands will explain in its proposed motion why Plaintiff's unjust enrichment claim fails on the merits, but it also should be dismissed because it is duplicative. *See Sitt v. Nature's Bounty, Inc.*, 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016).

### C. Plaintiff Lacks Standing To Seek Equitable Relief.

A plaintiff "cannot rely on past injury to satisfy the injury requirement" of Article III when seeking equitable relief. *Greene v. Gerber Prod. Co.*, 262 F. Supp. 3d 38, 54 (E.D.N.Y. 2017). Plaintiff now knows the amount of carbohydrates in a ONE Bar and has made clear that he will not purchase another one. *See* ECF No. 1 ¶ 62. Plaintiff thus has no standing to seek equitable relief. *See Colella*, 348 F. Supp. 3d at 144–45.[1]

For the above reasons, ONE Brands requests a pre-motion conference to present its request to file a motion to dismiss. Thank you for your consideration.

Respectfully submitted,

*/s/ James D. Arden*
James D. Arden
Benjamin M. Mundel (*pro hac vice forthcoming*)

cc: All counsel of record via ECF

---

[1] Plaintiff's putative nationwide class also faces insurmountable hurdles. For starters, there is no chance that that Plaintiff's idiosyncratic consumer can satisfy the requirements of Rule 23. In addition, numerous courts have held that a federal court lacks authority to adjudicate putative class action claims that arose outside the court's territorial jurisdiction. *See, e.g.*, *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) (citing *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017)). Further, §§ 349 and 350 do not reach out-of-state conduct, *Kaufman v. Sirius XM Radio, Inc.*, 751 F. Supp. 2d 681, 688 (S.D. N.Y. 2010), and choice-of-law principles set the same rule for the common law claims Plaintiff has raised here, *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013).