Sheehan & Associates, P.C.
Spencer Sheehan
spencer@spencersheehan.com
(516) 303-0552

United States District Court
Eastern District of New York                    1:18-cv-06650-CBA-SJB

| | |
|---|---|
| Jose Melendez, Jane Doe, individually and on behalf of all others similarly situated | |
| Plaintiffs | |
| - against - | First Amended Complaint |
| One Brands, LLC | |
| Defendant | |

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     One Brands, LLC ("defendant") manufactures, processes, distributes, markets, labels and sells toaster pastries to consumers from third-party retailers, including brick-and-mortar stores and online, and directly from defendant's website.

2.     produces, distributes, markets, labels and sells nutrition bars under the eponymous "One Bar" and "One Basix" lines (the "Products").

3.     The Products are available in no less than a dozen varieties, including:

- Maple Glazed Donut
- Cinnamon Roll
- Blueberry Cobbler
- Chocolate Chip Cookie Dough
- Birthday Cake
- Cookies and Cream
- Almond Bliss
- Peanut Butter Chocolate Cake
- Chocolate Brownie
- Peanut Butter Pie
- Salted Caramel
- Lemon Cake

4.     The Products are sold to consumers in stores and through the internet, sold by defendant and third-parties.

1

5.     The front label contains the brand name, "ONE," which refers to the Products' "one gram" of sugar.



6.     The representations are particularly relevant to consumers seeking to abide by dietary restrictions which emphasize low carbohydrate consumption, the keto-genic and "paleo" diets and those who are diabetic or pre-diabetic.

7.     According to One Brands' website, the Products contain "20 grams of protein and only 1 gram of sugar delivered in deliciously decadent too-good-to-be-true flavors," making it "the protein bar you didn't think was possible."

8.     One Brands states on its site that the low sugar content and high protein content make it "the perfect healthy meal replacement bar."

9.     With respect to the Birthday Cake One Bar, One Brands also represents that "with just 1 gram of sugar, you can celebrate [by eating a Birthday Cake One Bar] morning, noon or night, any day you want."

10.    The representations include third-party certification by the NSF Certified for Sport Program, assuring consumers that "what is on the label is in the [One Bars.]," by "verif[ying] label claims against product contents…through vigorous laboratory testing."

11.    Independent laboratory analysis utilizing High Performance Liquid Chromatography

(HPLC) determined that samples of a One Bar Product actually contained 5.2 grams of sugar (mono and disaccharides) per 60 gram bar.

12.     This sugar profile testing included analysis of fructose, glucose/dextrose, sucrose, maltose and lactose and was based upon standard, accepted methodologies by the Association of Official Analytical Chemists ("AOAC").

13.     There have been other credible reports of the Products' actual sugar content in the pending action, Hackman v. One Brands, LLC, Case No. 2018 CA 005423 B, D.C. Superior Court.

14.     In Hackman, it is alleged the Products' sugar content was actually between 900% and 1600% greater than represented on the labels.

15.     Representations that characterize the level of a nutrient are specifically limited and can only be made in accordance with an authorizing regulation.  21 U.S.C. § 343(r)(2)(A).

16.     The representations as to the one gram of sugar are understood by consumers to indicate the Products are "low sugar."

17.     The Products' brand name, "ONE," is an unauthorized implied nutrient content claim, as the "ONE" refers to the "low sugar" content of the Products. 21 U.S.C. § 101.69(b)(3).

18.     Because the Products' tout only "one gram of sugar" ("low sugar") and not "no sugar" or "sugar free," it falls outside of claims considered by the relevant authorities.

19.     Reasonable consumers "clearly link sugar to calories and therefore expect a reduction in sugar content to deliver a reduction in calorie content."  N. J. Patterson et al., "*Consumer understanding of sugars claims on food and drink products.*" Nutrition bulletin 37.2 (2012): 121-130 ("In focus groups, participants felt deceived if sugar reduction claims were being made without a significant reduction in calories.")

3

20.     The purpose of the nutrient content claims for sugar was to prevent consumers being deceived when the absence (or minimal amount) of sugars does not indicate "a product which is low in calories or significantly reduced in calories."  21 C.F.R. § 101.60(c)(1).

21.     When consumers observe the Products' front-label representations which highlight the 1 gram of sugar, they will reasonably believe the Products are lower in calories and carbohydrates than they are, as indicated on the nutrition facts below (birthday cake).[1]

## Nutrition Facts

12 servings per container

**Serving size        1 bar (60g)**

**Amount per serving**

**Calories        210**

|  | % Daily Value* |
|---|---|
| **Total Fat** 7g | **9%** |
| Saturated Fat 5g | **25%** |
| *Trans* Fat 0g | |
| Polyunsaturated Fat 1g | |
| Monounsaturated Fat 1g | |
| **Cholesterol** 5mg | **2%** |
| **Sodium** 140mg | **6%** |
| **Total Carbohydrate** 22g | **7%** |
| Dietary Fiber 9g | **32%** |
| Total Sugars 1g | |
| Includes 0g Added Sugars | **0%** |
| Sugar Alcohol 5g | |
| **Protein** 20g | **40%** |
| | |
| Vitamin D 0mcg | 0% |
| Calcium 96mg | 8% |
| Iron 0mg | 0% |
| Potassium 83mg | 2% |
| Phosphorus 58mg | 4% |

\* The % Daily Value tells you how much a nutrient in a serving of food contributes to a daily diet. 2,000 calories a day is used for general nutrition advice.

22.     No requirement exists to compel the Products to represent their "one gram of sugar" on the front label, as opposed to the requirement it be present in the nutrition facts, so it can be

---

[1] The nutrition facts and front labels correspond to the Birthday Cake Product.  The relevant values of sugar and protein are the same across the Products, while the total carbohydrates in each bar varies slightly.

viewed in context alongside the total calories and carbohydrates.

23.    The Products' representations are misleading due to promoting the low sugar ("one gram") content, which is false (laboratory testing) and misleading (no authorized nutrient content claim for "one gram" of sugar, or low sugar.

24.    The Products contain other representations which are misleading and deceptive.

25.    As a result of the false and misleading labeling, the Products are sold at a premium price – no less than $3.99 per bar, excluding tax – compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

26.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

27.    Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

28.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

29.    Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

30.    A substantial part of events and omissions giving rise to the claims occurred in this District.

<u>Parties</u>

31.    Plaintiff is a citizen of Kings County, New York.

32.    John and Jane Doe plaintiffs are citizens of the other 49 states.

33.    John and Jane Doe are individuals in the other 49 states who have been affected by

5

the conduct alleged here but their true identities are not fully known.

34.    John and Jane Doe may be used in the complaint to refer to representatives of sub-classes of the various states and at such time their identities will be disclosed.

35.    The allegations as related to laws of other states serves as a placeholder upon joinder or amendment.

36.    Defendant is a Delaware limited liability company with its principal place of business in Charlotte, North Carolina and upon information and belief, no member thereof is a citizen of New York.

37.    In 2017 and/or 2018, plaintiff purchased one or more of the Products for personal consumption, for no less than $3.99 per Product, excluding tax, within this district and/or State.

38.    During the class period, plaintiffs purchased one or more Products for personal consumption with the representations described herein, for no less than the price indicated, *supra*, excluding tax, within their districts and/or states.

39.    Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the misleading representations.

40.    Plaintiff would consider purchasing the Products again if there were assurances that the Products' representations were no longer misleading.

<u>Class Allegations</u>

41.    The classes consist of all consumers in the following states: all, New York, California, who purchased any Products subject to the actionable representations during the statutes of limitation.

42.    A class action is superior to other methods for fair and efficient adjudication.

6

43.     The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

44.     Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

45.     Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

46.     Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

47.     No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

48.     Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

49.     Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

50.     Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350, California Consumers
Legal Remedies Act, Civ. Code §§ 1750-1785 ("CLRA")
and Consumer Protection Statutes of Other States and Territories

51.     Plaintiff and John and Jane Doe plaintiffs, representing the 49 other states where they reside and purchased the Products, incorporate by reference all preceding paragraphs and assert causes of action under the consumer protection statutes of all 50 states.

a.  Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et. seq.*;

b. Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et. seq.*;

c. Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*;

d. California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* and Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200- 17210 *et seq.*;

e. Colorado Consumer Protection Act, Colo Rev. Stat § 6-1-101, *et. seq.*;

f. Connecticut Unfair Trade Practices Act, Conn. Gen Stat § 42-110a, *et. seq.*;

g. Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et. seq.*;

h. District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et. seq.*;

i. Florida Deceptive and Unfair Trade Practices, Act *Florida Statutes*§ 501.201, *et. seq.*;

j. Georgia Fair Business Practices Act, §10-1-390 *et. seq.*;

k. Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480 1, *et. seq.* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statute § 481A-1, *et. seq.*;

l. Idaho Consumer Protection Act, Idaho Code § 48-601, *et. seq.*;

m. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et. seq.*;

n. Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et. seq.*;

o. Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et. seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et. seq.*;

p. Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et. seq.*;

q. Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et. seq.*, and Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et. seq.*;

r.  Massachusetts Unfair and Deceptive Practices Act, Mass. Gen Laws ch. 93A;

s.  Michigan Consumer Protection Act, §§ 445.901, *et. seq.*;

t.  Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et. seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. § 325D.43, *et. seq.*;

u.  Mississippi Consumer Protection Act, Miss. Code An. §§ 75-24-1, *et. seq.*;

v.  Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et. seq.*;

w.  Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et. seq.*;

x.  Nebraska Consumer Protection Act, neb. Rev. Stat. § 59 1601 *et. seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et. seq.*;

y.  Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et. seq.*;

z.  New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et. seq.*;

aa. New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et. seq.*;

bb. New Mexico Unfair Practices Act, N.M. Sta. Ann. §§ 57 12 1, *et. seq.*;

cc. New York General Business Law ("GBL") §§ 349 & 350;

dd. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et. seq.*;

ee. Ohio Rev. Code Ann. §§ 1345.02 and 1345.03; Ohio Admin. Code §§ 109;

ff.  Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et. seq.*;

gg. Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);

hh. Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1 *et. seq.*;

ii.  South Carolina Unfair Trade Practices Act, S.C. Code Law § 39-5-10, *et. seq.*;

9

jj.  South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et. seq.*;

kk. Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et. seq.*;

ll.  Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, § 2451, *et. seq.*;

mm. Washington Consumer Fraud Act, Wash. Rev. Code § 19.86/0101, *et. seq.*;

nn. West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et. seq.*;

oo. Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et. seq.*

52.    Named plaintiff asserts causes of action under New York General Business Law ("GBL") §§ 349 & 350.

53.    Jane Doe plaintiff asserts causes of action under the laws of the other 48 states, including under the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 ("CLRA").

54.    Plaintiff reasonably believed based on defendant's representations that the Products contained a lower amount of carbohydrates than they did, owing to the front-of-package emphasis on the sugar grams and the comparison of the sugar (part of macronutrient) to protein (one of three macronutrients).

55.    Defendant's representations and omissions are false, unfair, deceptive and misleading and are not unique to the parties and have a broader impact on the public.

56.    Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

57.    Plaintiff desired to purchase products which were as described by defendant and

10

expected by reasonable consumers, given the product type.

58.    Jane Doe California plaintiff and members of the California Subclass engaged in transactions as consumers who bought the Products for personal, family, or household consumption.  Cal. Civ. Code § 1761(d)-(e).

59.    In accordance with Civil Code § 1780(a), Jane Doe California Plaintiff will seek injunctive and equitable relief for defendant's violations of the CLRA and an injunction to enjoin defendant from continuing its deceptive advertising and sales practices.

60.    In addition, after mailing appropriate notice and demand in accordance with Civil Code § 1782(a) & (d), Jane Doe California Plaintiff will have mailed or have amended the complaint to include a request for damages.

61.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA.

62.    Defendant violated the GBL, CLRA, et seq., by falsely representing to Plaintiffs that the Products contained its central ingredient in its basic, higher quality form, when it was actually modified and of less value than it actually was.

63.    Pursuant to California Civil Code § 1780(a)(2) and (a)(5), Jane Doe California Plaintiff will seek an order of this Court that includes, but is not limited to, an order requiring Defendant to remove and/or refrain from making representations on the Products' packaging representing that the Products its central ingredient in its basic, higher quality form, when it was actually modified and of less value than it actually was.

64.    Plaintiffs and prospective class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

65.   The unfair and deceptive acts and practices of Defendant, as described above, present a serious threat to Plaintiffs and prospective class members.

66.   Defendant's representations and omissions are false, unfair, deceptive and misleading and are not unique to the parties and have a broader impact on the public.

67.   Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

68.   Plaintiff desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

69.   The representations and omissions were relied on by plaintiff and class members, who paid more than they would have, causing damages.

<u>Violations of California's False Advertising and Unfair Competition Law</u>
(On Behalf of the California Subclass)

70.   Jane Doe California Plaintiff realleges paragraphs above.

71.   Defendant has falsely advertised the Products by claiming to contain acai in an amount and type different than what is actually contained.

72.   Jane Doe California Plaintiff and other members of the California Subclass suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.

73.   Jane Doe California Plaintiff seeks an order requiring Defendant to remove and/or refrain from making representations on the Products' packaging and name that the Products consist of a meaningful amount of acai in the form of the other fruit filling components.

<u>Violations of California's Unfair Competition Law</u>
(On Behalf of the California Subclass)

74.    Jane Doe California Plaintiff realleges all paragraphs above.

75.    By committing the acts and practices alleged herein, Defendant violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Jane Doe Plaintiff California Subclass as a whole, by engaging in unlawful, fraudulent, and unfair conduct as a result of its violations of (a) the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9); (b) the FAL, Cal. Bus. & Prof. Code § 17500 et seq.; and (c) the Cal. Bus. & Prof. Code §§ 17580-17581.

76.    Defendant's acts and practices violate the UCL's proscription against fraudulent and unfair conduct.

77.    Defendant's misleading marketing, advertising, packaging, and labeling of the Products is likely to deceive reasonable consumers.

78.    Jane Doe California Plaintiff and other members of the California Subclass were deceived regarding the purported acai amount and form in the Products, as Defendant's marketing, advertising, packaging, and labeling of the Products misrepresent and/or omit the true facts concerning the identity, amount, composition and quality of the Products.

79.    Jane Doe California Plaintiff and the other California Subclass members suffered substantial injury by virtue of buying the Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling or by paying a premium price for the Products.

80.    There is no benefit to consumers or competition by deceptively marketing and labeling the Products.

81.    Pursuant to California Business and Professional Code § 17203, Jane Doe California Plaintiff and the California Subclass seek an order that includes, but is not limited to, requirements

that Defendant:

(a) remove and/or refrain from making representations on the Products' packaging representing that the Products contain acai in an amount greater than other fruit components and is contained in the same form as the other fruit components;

(b) provide restitution to Jane Doe California Plaintiff and the other California Class members;

(c) disgorge all revenues obtained as a result of violations of the UCL; and

(d) pay Jane Doe California Plaintiff and the California Subclass' attorney fees and costs.

<u>Negligent Misrepresentation</u>

82. Plaintiff incorporates by references all preceding paragraphs.

83. Defendant misrepresented the substantive, compositional, health, quality and nutritional attributes of the Products' composition.

84. Defendant misrepresented the composition and nutritional values of the Products and took advantage of erroneous consumer belief and cognitive shortcuts consumers take at the point-of-sale.

85. Defendant had a duty to disclose and/or provide a non-deceptive composition and nutrition of the Products, at all places on the Products as opposed to only on the nutrition facts and knew or should have known its representations were false or misleading.

86. This duty is based, in part, on defendant's position as a trusted brand in the thriving sports nutrition food market.

87. Defendant had a duty to disclose and/or provide non-deceptive labeling of the Products and knew or should have known same were false or misleading.

88. This duty is based on defendant's position as an entity which has held itself out as

having special knowledge in the production, service and/or sale of the product type.

89.    Defendant negligently misrepresented and/or negligently omitted material facts.

90.    Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

91.    Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

92.    Plaintiff incorporates by references all preceding paragraphs.

93.    Defendant manufactures and sells products which contain.

94.    Defendant warranted to plaintiff and class members that the Products' composition, nutrition and ratios were different than they were, which was not truthful and misleading.

95.    The Products warranted to plaintiff and class members that they possessed substantive, functional, nutritional, compositional, organoleptic, sensory, physical and other attributes which they did not.

96.    Plaintiff desired to purchase products which were as described by defendant.

97.    Defendant had a duty to disclose and/or provide a non-deceptive description of the Products and knew or should have known same were false or misleading.

98.    The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

99.    The Products were not merchantable in their final sale form.

100.    Plaintiff and class members relied on defendant's claims, paying more than they would have.

Fraud

101.   Plaintiff incorporates by references all preceding paragraphs.

102.   Defendant's intent in making the claims was to take advantage of consumers' cognitive shortcuts and the conflation which occurs between calories and sugar.

103.   Defendant's actions were motivated by increasing their market share amongst the many rival sports nutrition companies.

104.   Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

Unjust Enrichment

105.   Plaintiff incorporates by references all preceding paragraphs.

106.   Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** plaintiff prays for judgment:

1.   Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2.   Entering preliminary and permanent injunctive relief by directing defendant to correct such practices to comply with the law;

3.   Injunctive relief for members of the New York Subclass pursuant to GBL §§ 349 and 350, without limitation;

16

4.  An award of restitution pursuant to California Business and Professions Code §§ 17203 and 17535 for Jane Doe California Plaintiff and members of the California Subclass;

5.  An award of disgorgement pursuant to California Business and Professions Code §§ 17203 and 17535 for Jane Doe California Plaintiff members of the California Subclass;

6.  An order enjoining Defendant, pursuant to California Business and Professions Code §§ 17203 and 17535, to remove and/or refrain from using representations on Defendant's Products described here;

7.  Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law, GBL, CLRA and other statutory claims;

8.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

9.  Such other and further relief as the Court deems just and proper.

Dated:   May 10, 2019

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
_____
Spencer Sheehan (SS-8533)
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

17

1:18-cv-06650-CBA-SJB
United States District Court
Eastern District of New York

Jose Melendez, Jane Doe individually and on behalf of all others similarly situated

Plaintiff

- against -

One Brands, LLC

Defendant

# First Amended Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  May 10, 2019

/s/ Spencer Sheehan
Spencer Sheehan