## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | **Case No. 18-cv-06650** |
| | ) | **Hon. Carol Bagley Amon** |
| **JOSE MELENDEZ, JANE DOE,** | ) | **Oral Argument Requested** |
| *individually and on behalf of* | ) | |
| *all others similarly situated,* | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ONE BRANDS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S PUTATIVE CLASS ACTION COMPLAINT

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND ..................................................................................................2

    I.      Statutory and Regulatory Framework ......................................................2

    II.     The ONE Bar ......................................................................................5

    III.    Plaintiff's Allegations .........................................................................6

LEGAL STANDARDS ..........................................................................................8

ARGUMENT ......................................................................................................9

    I.      Plaintiff's Effort To Assert Claims On Behalf Of Non-New York Plaintiffs Runs Afoul Of The Constitution ..........................................................................9

          A.     No plaintiff has standing to assert claims on behalf of 49 subclasses of consumers from states other than New York .............................................9

          B.     Plaintiff lacks standing to seek equitable relief on behalf of himself or others ...............................................................................................11

    II.     Plaintiff's Claims Are Preempted By Federal Law ...................................14

          A.     Plaintiff has failed to plead a non-preempted testing claim .....................16

          B.     The ONE Bar labeling complies with FDA regulations governing nutrient content claims ..................................................................................18

          C.     The ONE Bar labeling is not otherwise misleading..................................20

    III.    Plaintiff Has Failed To State A Claim Under Either New York General Business Law Sections 349 And 350 Or His Common Law Theories ................................22

          A.     Plaintiff Has Failed To State A Claim Under New York General Business Law Sections 349 And 350 ...................................................................22

               1.     Plaintiff has not alleged that he suffered an injury .......................23

               2.     Plaintiff has not pleaded that ONE Bar's labeling is materially misleading under his carbohydrate theory .....................................24

           B.     Plaintiff Has Failed To State A Claim Under His Breach Of Warranty Theory ...............................................................................................29

          C.     Plaintiff Has Failed To State A Claim Under His Fraud Theory..............30

D.      Plaintiff Has Failed To State A Claim Under His Negligent Misrepresentation Theory .......................................................................31

E.      Plaintiff Has Failed To State A Claim Under His Unjust Enrichment Theory ...............................................................................................32

IV.     Plaintiff Should Not Receive Leave To Amend ....................................33

CONCLUSION.............................................................................................................35

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ackerman v. Coca-Cola Co.*,
  2010 WL 2925955 (E.D.N.Y. July 21, 2010) ........................................................................21

*Arizona v. United States*,
  567 U.S. 387 (2012) ................................................................................................................14

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................8

*Axon v. Citrus World, Inc.*,
  354 F. Supp. 3d 170 (E.D.N.Y. 2018) ....................................................................................23

*Baker v. NNW, LLC*,
  2015 WL 12843827 (W.D. Mo. July 8, 2015) ........................................................................17

*Bates v. Dow Agrosciences LLC*,
  544 U.S. 431 (2005) ................................................................................................................16

*Belfiore v. Procter & Gamble Co.*,
  311 F.R.D. 29 (E.D.N.Y. 2015) ..............................................................................................13

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*,
  448 F.3d 573 (2d Cir. 2006) ....................................................................................................33

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
  137 S. Ct. 1773 (2017) ............................................................................................................11

*Bruton v. Gerber Prods. Co.*,
  961 F. Supp. 2d 1062, 1079 (N.D. Cal. 2013) (*reversed and remanded on
  other grounds*, 703 F. Appx. 468 (9th Cir. 2017) ..............................................................3, 14

*Burke v. Weight Watchers Int'l, Inc.*,
  983 F. Supp. 2d 478 (D.N.J. 2013) .........................................................................................17

*Casey v. Odwalla, Inc.*,
  338 F. Supp. 3d 284 (S.D.N.Y. 2018) .....................................................................................21

*Colella v. Atkins Nutritionals, Inc.*,
  348 F. Supp. 3d 120 (E.D.N.Y. 2018) ............................................................................ *passim*

*Crawford v. Franklin Credit Mgmt. Corp.*,
  758 F.3d 473 (2d Cir. 2014) ....................................................................................................32

iv

*In re Dental Supplies Antitrust Litig.*,
  2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ...................................................................11

*Donahue v. Ferolito, Vultaggio & Sons*,
  13 A.D.3d 77 (N.Y. App. Div. 2004) ...........................................................................23, 24

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
  375 F.3d 168 (2d Cir. 2004)...........................................................................................32

*Fin. Guar. Ins. Co. v. Putnam Advisory Co.*,
  783 F.3d 395 (2d Cir. 2015)...........................................................................................30

*Gibbons v. Ogden*,
  22 U.S. 1 (1824)...........................................................................................................14

*Greene v. Gerber Prods. Co.*,
  262 F. Supp. 3d 38 (E.D.N.Y. 2017) ...................................................................11, 12, 13

*Hackman v. ONE Brands, LLC*,
  No. 2018-CA-005423-B (D.C. Super. Ct. June 18, 2019)......................................................18

*Kolle v. Mainship Corp.*,
  2006 WL 1085067 (E.D.N.Y. Apr. 20, 2006) .........................................................................29

*Kordel v. United States*,
  335 U.S. 345 (1948)........................................................................................................4

*La Vigne v. Costco Wholesale Corp.*,
  284 F. Supp. 3d 496 (S.D.N.Y. 2018), *aff'd*, -- F. App'x --, 2019 WL 2059846
  (2d Cir. 2019)...............................................................................................................28

*Li v. Borsato*,
  2016 WL 7496727 (E.D.N.Y. Dec. 30, 2016) .......................................................................34

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2d Cir. 2015)....................................................................................8, 9, 31

*Manitakas v. Kellogg Company*,
  910 F.3d 633 (2d Cir. 2018).......................................................................................26, 28

*Mee v. I A Nutrition, Inc.*,
  2015 WL 2251303 (N.D. Cal. May 13, 2015) ................................................................15, 17

*Morrison v. Barcel USA, LLC*,
  2019 WL 95477 (S.D.N.Y. Jan. 2, 2019) ............................................................................13

*Nielsen v. Rabin*,
  746 F.3d 58 (2d Cir. 2014)..........................................................................................33, 34

*Oden v. Bos. Sci. Corp.*,
330 F. Supp. 3d 877 (E.D.N.Y. 2018) ................................................32

*Orlander v. Staples, Inc.*,
802 F.3d 289 (2d Cir. 2015)................................................................23

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
647 N.E.2d 741 (N.Y. 1995)...............................................................27

*Pelman v. McDonald's Corp.*,
237 F. Supp. 2d 512 (S.D.N.Y. 2003)................................................27

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
721 F.3d 95 (2d Cir. 2013)..................................................................11

*Poretsky v. Hirise Eng'g, P.C.*,
2016 WL 5678880 (E.D.N.Y. Sept. 30, 2016) ...................................34

*Preira v. Bancorp Bank*,
885 F. Supp. 2d 672 (S.D.N.Y. 2012).................................................23

*Schlesinger v. Reservists Comm. to Stop the War*,
418 U.S. 208 (1974)........................................................................9, 10

*Semper v. New York Methodist Hosp.*,
786 F. Supp. 2d 566 (E.D.N.Y. 2011) ................................................34

*Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*,
559 U.S. 393 (2010)............................................................................13

*Sitt v. Nature's Bounty, Inc.*,
2016 WL 5372794 (E.D.N.Y. Sept. 26, 2016) ...................................33

*Solak v. Hain Celestial Grp., Inc.*,
2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018) ....................................28

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016).............................................................9, 10, 20

*State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*,
137 S. Ct. 436 (2016)..........................................................................21

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ...................................10

*W. Va. Univ. Hosps., Inc. v. Casey*,
499 U.S. 83 (1991), *superseded by statue on other grounds*................19

*Weisblum v. Prophase Labs, Inc.*,
    88 F. Supp. 3d 283 (S.D.N.Y. 2015).................................................................29

*In re Whole Foods Mkt., Inc.*,
    163 F. Supp. 3d 385 (W.D. Tex. 2016)............................................................17

**Statutes**

21 U.S.C. § 101.69(b) ...........................................................................................18

21 U.S.C. § 321(m) .................................................................................................4

21 U.S.C. § 331(a) ...................................................................................................3

21 U.S.C. § 343-1(a) ...........................................................................................4, 15

21 U.S.C. § 343(a) ..............................................................................................3, 4

21 U.S.C. § 343(q) ............................................................................................3, 14

21 U.S.C. § 343(r) .............................................................................................3, 7

21 U.S.C. § 393(b) ...................................................................................................2

Federal Food Drug and Cosmetic Act ..............................................................2, 21

N.Y. Gen. Bus. Law § 349 ............................................................................ *passim*

N.Y. Gen. Bus. Law § 350 ............................................................................ *passim*

N.Y. U.C.C. § 2–607(3)(a) .....................................................................................30

Nutrition Labeling and Education Act ......................................................... *passim*

**Other Authorities**

21 C.F.R. § 100.1(c)...............................................................................................15

21 C.F.R. § 101.9(c)................................................................................................3

21 C.F.R. § 101.9(g) ...........................................................................4, 15, 17, 18

21 C.F.R. § 101.13 ..............................................................................................2, 19

21 C.F.R. § 101.54 *et seq.* ......................................................................................3

21 C.F.R. § 101.60 ..........................................................................................2, 3, 19

21 C.F.R. § 101.70 *et seq.* ......................................................................................3

21 C.F.R. § 101.369(a) ...................................................................................................14

58 Fed. Reg. 2302, 2310 (Jan. 6, 1993) ........................................................................19

Fed. R. Civ. P. 8 ..........................................................................................................2, 8

Fed. R. Civ. P. 23 ...........................................................................................................13

Fed. R. Civ. P. 9(b) .............................................................................................2, 31, 32

Fed. R. Civ. P. 12(b)(6) .....................................................................................................2

N.Y. C.P.L.R. § 901(b) ...................................................................................................13

Sarah E. Taylor & Harold J. Feld, *Promoting Functional Foods and
    Nutraceuticals on the Internet*, 54 Food & Drug L.J. 423 (1999) ...........................4

U.S. Const., Art. VI, cl. 2 ................................................................................................14

## PRELIMINARY STATEMENT

Plaintiff has filed an amended complaint that suffers from a number of independent flaws that warrant dismissal.

**First**, Plaintiff (who supposedly purchased at least one ONE Bar in New York) purports to bring his claims not only on his own behalf, but on behalf of all ONE Bar purchasers and classes of ONE Bar purchasers from all 50 states (under the laws of those states). To do so, Plaintiff has added John and Jane Doe to the complaint and identifies them as citizens of the other 49 states. Yet, it is black letter law that a class action requires actual named plaintiffs with standing to bring claims for each subclass. Absent plaintiffs (like John and Jane Doe) cannot represent absent class members. As a result, all claims for non-New York Plaintiffs under laws other than New York should be dismissed.

**Second**, each of Plaintiff's state law claims fails on the merits because they are preempted by federal law. Plaintiff's primary theory is that ONE Brands' one gram of sugar statement is false based on "independent testing." But FDA regulations set forth the required testing methodology that must be used to challenge nutrient content claims like this one, and Plaintiff has not pleaded any facts showing that his testing meets these requirements. Nor has he provided ONE Brands with these test results, despite requests. Absent factual allegations that he complied with the specific FDA requirements, his claim cannot go forward under federal law.

1

Plaintiff's second theory fares no better.  Plaintiff seems to allege that ONE Brands' statements about sugar are prohibited by federal law, somehow, because they are not authorized under 21 C.F.R. § 101.60.  But that is only because Plaintiff is looking to the wrong regulation.  21 C.F.R. § 101.13 specifically authorizes ONE Brands to state the amount of nutrients, like sugar, on its labeling.  Because the claim is expressly authorized under federal law, Plaintiff's challenge to it is preempted.

Plaintiff's final theory, that the one-gram statement is misleading because reasonable consumers would believe the statement indicates that ONE Bars are low in carbohydrates, should be dismissed too.  The claim is preempted because it attempts to impose labeling requirements under state law that go further than anything required by federal law.  This allegation also stretches the reasonable consumer standard well beyond the breaking point.

**Third**, Plaintiff fails to plead key elements to each of his claims necessary to satisfy Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).  The amended complaint should therefore be dismissed in its entirety and with prejudice.

## BACKGROUND

### I.    Statutory and Regulatory Framework

The Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 343 *et seq.*, empowers the Food and Drug Administration (FDA) to protect the public health by ensuring that "foods are safe, wholesome, sanitary, and properly labeled," 21 U.S.C.

§ 393(b)(2)(A). The FDCA also explicitly prohibits the "misbranding" of food. 21 U.S.C. § 331(a). Section 343 enumerates under what conditions a food is deemed to be misbranded. *Id.* § 343. For example, a food is considered misbranded if its labeling is "false or misleading in any particular." *Id*. § 343(a)(1).

In 1990, Congress enacted the Nutrition Labeling and Education Act (NLEA), 21 U.S.C. §§ 301, 321, 337, 343, 371, to establish "uniform national standards regarding the labeling of food." *Bruton v. Gerber Prods. Co.*, 961 F. Supp. 2d 1062, 1079 (N.D. Cal. 2013), *rev'd and remanded on other grounds*, 703 F. App'x 468 (9th Cir. 2017). The NLEA and the FDCA require that a food label disclose the amount of its ingredients, including sugars. 21 U.S.C. § 343(a), (q)(1)(D); 21 C.F.R. § 101.9(c)(6)(ii). The FDA also specifically regulates claims that manufacturers may make about the nutrition content of their products beyond the nutrition panel, *see, e.g.*, 21 U.S.C. § 343(r)(1)(A), and has promulgated regulations governing these nutrition content claims (including sugar), 21 C.F.R. § 101.54 *et seq.*; 21 C.F.R. § 101.60(c), as well as health claims, 21 C.F.R. § 101.70 *et seq.,*wherever they may be on a product's label.

Compliance with these food-labeling requirements *must* be determined based on specific testing methodology established by the FDA:

> The sample for nutrient analysis shall consist of a composite of 12 subsamples (consumer units), taken 1 from each of 12 different randomly chosen shipping cases, to be representative of a lot. Unless a particular method of analysis is specified in paragraph (c) of this

section, composites shall be analyzed by appropriate methods as given
in the "Official Methods of Analysis of the AOAC International," or, if
no AOAC method is available or appropriate, by other reliable and
appropriate analytical procedures.

21 C.F.R. § 101.9(g)(2).

Accordingly, foods with labels declaring the amount of sugars "shall be
deemed to be misbranded under [21 U.S.C. § 343(a)] if the nutrient content of the
composite is greater than 20 percent in excess of the value for that nutrient declared
on the label." *Id.* § 101.9(g)(5). In sum, labels violate the federal regulations only
if testing that follows the precise methodology outlined above for 12-separate
samples exceeds the label claim by more than 20%.

The NLEA contains an express preemption provision, providing that no state
may "directly or indirectly establish . . . any requirement . . . for nutrition labeling
of food . . . or labeling of food that is not identical" to the federal requirements. 21
U.S.C. § 343-1(a)(4-5). "Labeling" is *not* limited to the nutrition facts panel on the
back of the bar. Rather the statute defines "labeling" to include "all labels and other
written, printed, or graphic matter" attached to or "accompanying" food products.
21 U.S.C. § 321(m); *see Kordel v. United States*, 335 U.S. 345 (1948); Sarah E.
Taylor & Harold J. Feld, *Promoting Functional Foods and Nutraceuticals on the
Internet*, 54 Food & Drug L.J. 423 (1999).

## II.     The ONE Bar

The ONE Bar is a protein bar produced by ONE Brands.  The ONE Bar comes in several varieties, but each ONE Bar has one gram of sugar and twenty grams of protein.  The ONE Bar's sugar and protein content is displayed within the "O" of the "ONE" on the bar's front label.  Each ONE Bar also notes in the bottom right of its front label the bar's total weight of 60 grams.  Plaintiff includes a picture of the front of a Birthday Cake ONE Bar in the amended complaint.  *See* Am. Compl. ¶ 5.  That picture is included just below.



All ONE Bars contain the FDA-required Nutrition Facts Label.  Plaintiff includes a picture of the Nutrition Facts for the Birthday Cake ONE Bar in the amended complaint.  *See id.* ¶ 21.  That picture is included just below.  Relevant here, the Nutrient Facts discloses the amount of carbohydrates in the bar.  The Birthday Cake ONE Bar, for instance, has twenty-two grams of carbohydrates— amounting to 7% of the recommended daily value.  The Nutrient Facts (including the amount of carbohydrates) in each ONE Bar differ depending on the specific variety.

**Nutrition Facts**

12 servings per container

| Serving size | 1 bar (60g) |
|---|---|

Amount per serving

**Calories** 210

|  | % Daily Value* |
|---|---|
| **Total Fat** 7g | 9% |
| Saturated Fat 5g | 25% |
| *Trans* Fat 0g | |
| Polyunsaturated Fat 1g | |
| Monounsaturated Fat 1g | |
| **Cholesterol** 5mg | 2% |
| **Sodium** 140mg | 6% |
| **Total Carbohydrate** 22g | 7% |
| Dietary Fiber 9g | 32% |
| Total Sugars 1g | |
| Includes 0g Added Sugars | 0% |
| Sugar Alcohol 5g | |
| **Protein** 20g | 40% |
| | |
| Vitamin D 0mcg | 0% |
| Calcium 96mg | 8% |
| Iron 0mg | 0% |
| Potassium 83mg | 2% |
| Phosphorus 58mg | 4% |

* The % Daily Value tells you how much a nutrient in a serving of food contributes to a daily diet. 2,000 calories a day is used for general nutrition advice.

### III.   Plaintiff's Allegations

On May 10, 2019, Plaintiff Melendez filed his amended complaint.  Plaintiff asserts that he is a citizen of New York and that, "[i]n 2017 and/or 2018," he purchased "one or more" ONE Bars "for personal consumption, for no less than $3.99 per [bar], excluding tax, within this district and/or State."  Am. Compl. ¶ 37. Plaintiff alleges that he "paid [a] premium" price for the ONE Bars "because prior to purchase, plaintiff saw and relied on … misleading representations."  *Id.* ¶ 39. Specifically, Plaintiff claims that Defendant's representation that the ONE Bars

contain one gram of sugar (1) is false, *see* Am. Compl. ¶¶ 9-14, (2) conflicts with the requirements of 21 U.S.C. § 343(r)(2)(A) governing claims of "low sugar," Am. Compl. ¶¶ 15-18, and (3) is misleading because consumers reasonably believe the bars "are lower in calories and carbohydrates than they are," *id.* ¶ 21.  Based on these allegations, Plaintiff asserts six causes of action:  (1) violation of New York General Business Law §§ 349 & 350; (2) negligent misrepresentation; (3) Breach of Express Warranty; (4) Breach of Implied Warranty of Merchantability; (5) Fraud; and (6) Unjust Enrichment.  Plaintiff seeks monetary and equitable relief.

Plaintiff purports to bring these claims on behalf of himself and all U.S. consumers, through state-specific subclasses.  *See* Am. Compl. ¶ 41.  The amended complaint lists "Jane Doe" as a plaintiff, and it then identifies "John and Jane Doe" and "citizens of the other 49 states."  *Id.* ¶ 32.  While the amended complaint notes that the Does' "identities are not fully known," the amended complaint alleges that they are "representatives of sub-classes [of plaintiffs] of the various states."  *Id.* ¶ 34; *see id.* ¶ 35 ("The allegations as related to laws of other states serve[] as a placeholder upon joinder or amendment.").  The amended complaint then asserts causes of action under California law, *see, e.g.*, *id.* ¶¶ 53-81, and seeks restitution, disgorgement, and attorneys' fees.  *See id.* ¶ 81.[1]  This California-specific relief is in addition to the

---

[1] At various places in the Amended Complaint, Plaintiff asserts that ONE Brand "falsely advertised" its products "by claiming [they] contain acai in an amount and type different than what [they] actually contained," and demands that One Brand

injunctive relief and damages Plaintiff seeks under New York statutory and common law.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must show "more than a sheer possibility that a defendant has acted unlawfully," and the allegations must extend beyond "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A complaint that brings fraud-based claims must do even more. First, the plaintiff must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d

---

"remove and/or refrain from making representations" about its products' acai content. Am. Compl. ¶¶ 71, 73, 81. Birthday Cake ONE Bars have no acai. It appears that these paragraphs (and others) were drawn from a complaint in a different case. *See also* Am. Compl. ¶ 1 (referring to toaster pastries).

160, 171 (2d Cir. 2015).  Second, a plaintiff must "allege facts 'that give rise to a strong inference of fraudulent intent.'"  *Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 171 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290–91 (2d Cir. 2006)).

## ARGUMENT

Plaintiff's amended complaint contains numerous fatal deficiencies and should be dismissed.  First, there are multiple constitutional problems, including that (a) no plaintiff in this case has standing to assert claims on behalf of 49 subclasses of consumers who are citizens of states other than New York, and (b) Plaintiff lacks standing to seek equitable relief on behalf of himself or others.  Second, all claims are preempted by federal law.  And third, Plaintiff otherwise fails to state a viable claim.

**I.    Plaintiff's Effort To Assert Claims On Behalf Of Non-New York Plaintiffs Runs Afoul Of The Constitution.**

**A.    No plaintiff has standing to assert claims on behalf of 49 subclasses of consumers from states other than New York.**

In order to pursue a claim in federal court, an actual plaintiff must allege—among other things—that he or she was actually injured.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  And to proceed on a class-wide basis, an individual plaintiff must allege that he or she is a member of the asserted class.  *See id.* at 1547 n.6; *see also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974) ("To have standing to sue as a class representative it is essential that a

plaintiff must be a part of that class").  Here, no plaintiff satisfies these requirements with respect to the non-New York subclasses.

Plaintiff is a citizen of New York and purchased his ONE Bars "within this district and/or State."  Am. Compl. ¶¶ 31, 37.  He is thus not a member of a class of consumers who are citizens of other states and purchased Defendant's products there.  Plaintiff does not have standing to assert any claims on behalf of subclasses of which he is not a member.  *See Spokeo*, 136 S. Ct. at 1547 n.6; *Schlesinger*, 418 U.S. at 217.

Plaintiff attempts to solve this problem by asserting that John and Jane Doe are "citizens of the other 49 states" and, presumably, that they are representatives of these subclasses.  Am. Compl. ¶ 32.  However, the amended complaint provides "no basis to conclude that either John Doe or Jane Doe are actual people whom Plaintiff[] ha[s] elected to name anonymously."  *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *12 (E.D.N.Y. Sept. 22, 2015).  To the contrary, the amended complaint states that "[t]he allegations as related to laws of other states serve[] as a placeholder upon joinder or amendment."  Am. Compl. ¶ 35.  But allegations made on behalf of individuals who counsel hope will join this lawsuit are insufficient to establish standing, and thus, the John and Jane Doe claims, including those asserted on behalf of the 49 subclasses, should be dismissed.  *See Stoltz*, 2015 WL 5579872, at *13 (dismissing *sua sponte* claims

made on behalf of John and Jane Doe when there was no evidence that these individuals actually exist).[2]   As a result, only the New York claims are at issue here.

## B.   Plaintiff lacks standing to seek equitable relief on behalf of himself or others.

Plaintiff seeks both damages and "preliminary and permanent injunctive relief."   Am. Compl. at 16.   Plaintiff, however, lacks standing for prospective injunctive relief.   A plaintiff "seeking injunctive relief 'must show the three familiar elements of standing: injury in fact, causation, and redressability.'"   *Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 54 (E.D.N.Y. 2017) (quoting *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011)).   Importantly, to obtain injunctive relief, a plaintiff "cannot rely on past injury . . . but must show a likelihood that

---

[2] At this stage, there is no need to address Plaintiff's allegation that he is a representative plaintiff for a nationwide class of ONE Bar consumers.   *See Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 111 (2d Cir. 2013).   But any effort to certify the class will be futile.   For one thing, as demonstrated below, Plaintiff's claims are preempted or otherwise fail.   For another, this Court will not have personal jurisdiction over plaintiffs without a connection to New York given that ONE Brands is not a New York citizen and there are no allegations that ONE Brands took actions in New York that would affect all consumers.   *See, e.g.*, *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017); *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) (rejecting the plaintiffs' argument that *Bristol-Myers* had no effect on the law in class actions and holding that court lacked personal jurisdiction in light of plaintiffs' failure to show a direct connection between the forum and the specific claims).

he . . . will be injured in the future." *Id.* (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)).  A plaintiff who cannot show a likely future injury cannot generate a case or controversy by purporting to assert standing on behalf of a "nebulous class of would-be []consumers" who might eventually be harmed by the "[d]efendant's ongoing deceptive advertising."  *Id.* at 57 (citing *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)).

Plaintiff claims that he "and class members would not have purchased [the ONE Bar] or paid as much if the true facts had been known."  Am. Compl. ¶ 91; *see also id.* ¶¶ 23-24 (alleging that ONE Bars currently contain "misleading and deceptive" representations); 39 (alleging that Plaintiff "paid [a] premium because prior to purchase, plaintiff saw and relied on the misleading misrepresentations"). The corollary of this statement is that Plaintiff (and the other putative class members), now armed with the "true facts," will no longer purchase the ONE Bar. In fact, Plaintiff alleges that he "would consider purchasing the Products again *if* there were assurances that the Products' representations were no longer misleading." *Id.* ¶ 40 (emphasis added).  Taken together, these statements show that Plaintiff believes he was duped once, but will not be duped again if the ONE Bar labeling remains the same.

Plaintiff is thus no different from the plaintiff in *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 144 (E.D.N.Y. 2018), who made clear that "he would not

have purchased the goods had he not been misled by their labels." *Id*. That concession required the court to dismiss the plaintiff's request for injunctive relief. *Id*. Accordingly, Plaintiff's claims for injunctive relief here must similarly be dismissed for lack of Article III standing because the Amended Complaint does not allege a real or immediate threat of injury. *See Greene*, 262 F. Supp. 3d at 54 (dismissing claims for injunctive relief in purported Section 349 and 350 class action); *see also Colella*, 348 F. Supp. 3d at 144 (dismissing claim for injunctive relief in purported Section 349 and 350 class action because plaintiff implied that he would not purchase the product again); *Morrison v. Barcel USA, LLC*, 2019 WL 95477, at *2 (S.D.N.Y. Jan. 2, 2019) (same).

\*   \*   \*

The only claims that satisfy Article III standing requirements and over which this Court has jurisdiction are Plaintiff's New York-centered claims and potentially a putative class of similarly situated New York consumers.[3]

---

[3] To be sure, ONE Brands opposes any certification of such a class, and indeed, Plaintiff's class-based allegations could never be certified under Rule 23. *See* note 2, *supra*. In addition, New York law prohibits class actions that seek non-compensatory damages such as the treble and punitive damages Plaintiff purports to seek here. *See* N.Y. C.P.L.R. § 901(b); *see* Am. Compl. at 12. Even if such actions are technically permitted in federal court, *cf. Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.,* 559 U.S. 393 (2010), this Court has held that they generally should not be certified, since a class action proceeding "in violation of state policy" is not "superior to other available methods" of adjudication, as required by Federal Rule of Civil Procedure 23(b)(3). *See Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 73 (E.D.N.Y. 2015) (denying class certification because the proposed

## II.     Plaintiff's Claims Are Preempted By Federal Law.

Pursuant to the Supremacy Clause, U.S. Const., Art. VI, cl. 2, state laws that "interfere with, or are contrary to the laws of Congress, made in pursuance of the constitution" are invalid.  *Gibbons v. Ogden*, 22 U.S. 1, 211 (1824).  "Congress has the power to preempt state law," and does so when it "enact[s] a statute containing an express preemption provision."  *Arizona v. United States*, 567 U.S. 387, 399 (2012).

Federal law sets the parameters of any sugar-content claim that Plaintiff can assert here. Specifically, the Nutrition Labeling and Education Act (NLEA), 21 U.S.C. §§ 321, 337, 343, 371, authorizes FDA to create "uniform national standards regarding the labeling of food," *Bruton*, 961 F. Supp. 2d at 1079, and FDA has done so.  To that end, the NLEA requires packaged foods to disclose certain nutrition information including the "total number of calories" and "the amount of" "fat, saturated fat, cholesterol, sodium, total carbohydrates, complex carbohydrates, sugars, dietary fiber, and total protein."  *See* 21 U.S.C. § 343(q)(1)(C), (D).  And FDA has directed that packaged foods make this mandatory disclosure in the now-ubiquitous Nutrient Facts Panel.  *See* 21 C.F.R. § 101.369(a)(1).  These disclosures must identify the amount of each nutrient (by weight) in a single serving.  *See id.*

---

class action seeking non-compensatory damages would flout "New York's legitimate interest in keeping monetary awards reasonably bounded").

§ 101(c). FDA prescribes how these measurements are to be taken and compliance determined. *See id.* § 101.9(g)(2); *see also* pp.3-4, *supra*.

Additionally, FDA regulates voluntary nutrient content claims regarding the amount of various nutrients made on labeling *outside* the Nutrition Facts Panel, *see id.* §§ 101.9; 101.13. Section 101.9(g)(2)'s methodology applies equally to these claims. *See Mee v. I A Nutrition, Inc.*, 2015 WL 2251303, at *3 (N.D. Cal. May 13, 2015). Further, FDA has established specific regulations regarding sugar content claims. *See* 21 C.F.R. § 101.60(c). Among other things, these regulations govern under what circumstances a product's labeling can use terms such as "sugar free" or "without sugar." *Id.* Importantly, though, these limitations do not apply to voluntary nutrient content claims that "do[] not in any way implicitly characterize the level of the nutrient in the food and it is not false or misleading in any respect (e.g., '100 calories' or '5 grams of fat'), in which case no disclaimer is required." *Id.* § 101.13(i)(3).

The NLEA's express preemption provision provides that no state may "directly or indirectly establish . . . any requirement . . . for nutrition labeling of food . . . or labeling of food that is not identical" to the federal requirements. 21 U.S.C. § 343-1(a)(4-5). The phrase "not identical to" refers to state obligations that either "differ" from or are "not imposed" by federal law. 21 C.F.R. § 100.1(c)(4). Those

state "requirements" include statutes and common-law duties enforced by tort law. *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 443 (2005).

Plaintiff's various causes of action essentially boil down to three theories: (1) the claim that ONE Bars contain only one gram of sugar is false according to testing; (2) the one-gram claim is misleading because it does not comply with FDA regulations regarding "low sugar" representations; and (3) the ONE Bars labeling is misleading because supposedly reasonable consumers would believe ONE Bars are low in carbohydrates based on the sugar representation. These claims are all preempted by federal law.

### A.    Plaintiff has failed to plead a non-preempted testing claim.

Plaintiff's main claim is that ONE Bars contain 5.2 grams of sugar instead of just one gram. Am. Compl. ¶ 11. Plaintiff bases this claim on "[i]ndependent laboratory analysis utilizing High Performance Liquid Chromatography" that is based on "accepted methodologies by the Association of Official Analytical Chemists." *Id.* ¶¶ 11-12. And he claims that this testing is consistent with "other credible reports" in *Hackman v. One Brands, LLC*, No. 2018-CA-005423 (D.C. Super. Ct.). *Id.* ¶ 14.[4]

---

[4] On June 18, the Superior Court denied ONE Brands' motion to dismiss in that case. ONE Brands will seek reconsideration and interlocutory appeal.

While Plaintiff alleges that his testing was "*based upon*" AOAC-approved methodologies, the Amended Complaint does not claim that the testing satisfies those methodologies and makes clear that it fails to comply with FDA's other requirements. *See* 21 C.F.R. § 101.9(g)(2) (requiring random 12-sample analyses).[5] That is fatal to Plaintiff's claim, as one court has described: "[e]very district court considering this issue has found 'where, as here, an FDA regulation provides that the question of compliance must be determined using the method specified therein, a state law claim that seeks to establish a violation of such regulation by a different methodology is preempted.'" *In re Whole Foods Mkt., Inc.*, 163 F. Supp. 3d 385, 392-93 (W.D. Tex. 2016) (quoting *Mee*, 2015 WL 2251303, at *4); *see also, e.g.*, *id.* (collecting cases); *Burke v. Weight Watchers Int'l, Inc.*, 983 F. Supp. 2d 478 (D.N.J. 2013) (dismissing complaint as preempted because even "general[]" allegation that testing was performed "in accordance to, and in compliance of, FDA guidelines" was "insufficient"); *Baker v. NNW, LLC*, 2015 WL 12843827 (W.D. Mo. July 8, 2015) (dismissing as preempted complaint that failed to allege that testing followed the FDA's 12-sample procedure); *Mee*, 2015 WL 2251303, at *4 (dismissing as preempted protein content claims where complaint "pleaded facts demonstrating preemption" by attaching lab reports for each of five products tested;

---

[5] When One Brands requested a copy of Plaintiff's testing to evaluate his claims, Plaintiff refused to provide it.

"[n]othing in the reports suggest[ed] that the 12-same method required by § 101.9(g)(2) was employed"); *but see Hackman v. ONE Brands, LLC*, No. 2018-CA-005423-B (D.C. Super. Ct. June 18, 2019) (attached as Exhibit A) (incorrectly holding that only the Nutrition Facts Panel is subject to preemption, when FDA defines labeling more broadly and regulates nutrition content claims anywhere on the label). Because Plaintiff fails to allege that his sugar testing was conducted in accordance with the methodology described in 21 C.F.R. § 101.9(g)(2), he has not alleged a violation of the FDCA or NLEA. His claim is therefore preempted.

### B. The ONE Bar labeling complies with FDA regulations governing nutrient content claims.

Plaintiff next seems to allege that ONE Bar's statements that the bar contains one gram of sugar are "unauthorized implied nutrient content claim[s]" and also misleading. *See* Am. Compl. ¶¶ 16-23 (citing 21 C.F.R. § 101.60(c)(1)).[6] Plaintiff asserts this is problematic because Plaintiffs equate "low sugar" with a product being "lower in calories." *See id.* ¶¶ 19-20. This claim is meritless.

First, Plaintiff misinterprets the relevant regulations. Specifically, § 101.60(c) (cited by Plaintiff) governs the "[u]se of terms such as 'sugar free'" and its synonyms, "no added sugar" and its synonyms, and "reduced sugar" and its

---

[6] The Amended Complaint also cites 21 U.S.C. § 101.69(b)(3) in paragraph 17, but this provision does not exist.

synonyms.  But ONE Brands makes no such claim.  "Low sugar" appears nowhere on the ONE Bar and is entirely Plaintiff's creation.

Instead, ONE Brands claims only that the bars have "one gram of sugar."  This claim is specifically authorized by 21 C.F.R. § 101.13, which provides that "the label or labeling of a product may contain a statement about the *amount* or percentage of a nutrient if … [t]he statement does not in any way implicitly characterize the level of the nutrient in the food and it is not false or misleading in any respect (e.g., '100 calories' or '5 grams of fat')."  *Id.* § 101.13(i) (emphasis added); *see* 58 Fed. Reg. 2302, 2310 (Jan. 6, 1993) ("FDA finds that there are some circumstances in which an amount claim cannot be considered to characterize in any way the level of a nutrient in a food. For example, the statement "100 calories" or "5 grams of fat" on the principal display panel of a food would be a simple statement of amount that, by itself, conveys no implied characterization of the level of the nutrient. As long as such a statement is not false or misleading, it can appropriately be included in food labeling.").  ONE Brands' statement that ONE Bars contain one gram of sugar is exactly like the authorized claim that a product has 100 calories or 5 grams of fat.[7]

---

[7] Section 101.60 does not override this provision because § 101.60 sets out a similar regime in subsection (b) for calorie-related claims, and yet § 101.13(i) specifically permits the statements such as "100 calories."  *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 101 (1991) ("it is our role to make sense rather than nonsense out of the *corpus juris*"), *superseded by statue on other grounds*.

19

Nor is this claim false or misleading.  As explained, Plaintiff has not alleged that he conducted the required tests to show that the ONE Bar labeling is false, and the amended complaint contains no allegation that any actual plaintiff was misled by this basic statement of fact.  Accordingly, ONE Bars' labeling is permitted under FDA regulations, and Plaintiff's attack on that labeling would impose a different requirement than those imposed by FDA.  This claim is preempted.

Second, Plaintiff never claims that he understood ONE Bars to be lower in calories based on the one-gram statement.  He thus lacks standing to raise such a claim because he was not injured by it.  *See, e.g.*, *Spokeo*, 136 S. Ct. at 1547.

### C.    The ONE Bar labeling is not otherwise misleading.

Plaintiff's final claim—and the one remnant from his original complaint—is that ONE Bars' labeling is misleading because consumers would be led to believe that a product with only one gram of sugar is also low in carbohydrates.  *See* Am. Compl. ¶ 21.  However, FDA has never required voluntary nutrient content claims regarding the amount of sugar to make any statement about carbohydrates, or be limited depending upon the amount of carbohydrates.  This dooms Plaintiff's claim.

Because FDA has never "affirmatively prohibited" the sugar statement Plaintiff challenges, ONE Brands is entitled to make that statement on the ONE Bar. *See Colella*, 348 F. Supp. 3d at 135-36 (a claim alleging that a "net carbs" statement was misleading was preempted since FDA never prohibited that statement).  Indeed,

20

FDA's extensive regulation of similar claims about fats, cholesterol, and sugars strongly suggests that FDA has directly considered and rejected the sort of requirement Plaintiff seeks to impose. *See State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 137 S. Ct. 436, 442 (2016) ("explicit language in one provision cautions against inferring the same limitation in another provision").

But ONE Brands need not prove as much. It is enough that Plaintiff does not (and could not) allege that FDA has "affirmatively prohibited" the ONE Bar's sugar statement. *Colella*, 348 F. Supp. 3d at 135. In the context of NLEA preemption, "if a product's packaging does not run afoul of federal law governing food labeling, no state law claim for consumer deception will lie." *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018) (quoting *Daniel v. Tootsie Roll Indus., LLC*, No. 17 CIV. 7541 (NRB), 2018 WL 3650015, at *4 (S.D.N.Y. Aug. 1, 2018)). If it did, then a plaintiff would be able to impose a State law requirement not "identical to" the comprehensive federal labeling regime, which would violate the FDCA. *See id*. Because all of Plaintiff's claims arise from purported State law requirements that differ from the federal regime, they must be dismissed. *See Ackerman v. Coca-Cola Co.*, 2010 WL 2925955, at *7 (E.D.N.Y. July 21, 2010) (preemption applies to any requirement imposed by State law whether through statute or common law).[8]

---

[8] Even if federal preemption did not apply of its own force (which, of course, it does), Sections 349 and 350 expressly provide that it "shall be a complete defense" to any claim that the activity in question is "subject to and complies with the rules and

21

### III. Plaintiff Has Failed To State A Claim Under Either New York General Business Law Sections 349 And 350 Or His Common Law Theories.

Even if Plaintiff's claims were not preempted, they should still be dismissed because Plaintiff has not stated a claim that is plausible on its face.

### A. Plaintiff Has Failed To State A Claim Under New York General Business Law Sections 349 And 350.

Section 349 of the New York General Business Law prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349 (McKinney). Section 350 is similar. It prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." *Id.* § 350. "To successfully assert a claim under either section, 'a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice.'" *Orlander v. Staples, Inc.,* 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 967 N.E.2d 675 (N.Y. 2012)); *see also Colella*, 348 F. Supp. 3d at 142 (reciting same elements). Plaintiff has failed to plausibly allege the third element (injury) under any of his theories, and he has failed

---

regulations of, and the statutes administered by," the Federal Trade Commission, N.Y. Gen. Bus. Law § 349(d); *see id.* at § 350(d), a provision that "New York courts have construed" to "cover regulations by other federal agencies as well." *Colella*, 348 F. Supp. 3d at 134 n. 6 (citing case applying provision to FDA regulations).

to allege the second element (materially misleading statement) with respect to his carbohydrate theory.[9]

### 1. Plaintiff has not alleged that he suffered an injury.

New York courts have been clear that "allegations of pecuniary loss arising solely from the purchase of the defendant's product do not suffice to plead actual injury for a Section 349 [or 350] claim." *Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 177 (E.D.N.Y. 2018) (quoting *Preira v. Bancorp Bank*, 885 F. Supp. 2d 672, 676 (S.D.N.Y. 2012)); *Donahue v. Ferolito, Vultaggio & Sons*, 13 A.D.3d 77, 78 (N.Y. App. Div. 2004) ("deception as both act and injury [is] a theory specifically rejected by our courts") (citing cases). Accordingly, it is not enough for a plaintiff to allege that he "bought [a] product he would not have purchased absent the seller's deceptive commercial practices." *Preira*, 885 F. Supp. 2d 672, 676 (S.D.N.Y. 2012) (citing *Baron v. Pfizer, Inc.*, 42 A.D.3d 627, 629 (N.Y. App. Div. 2007)). Instead, the plaintiff must allege some other harm—for example, that the product's cost was "inflated by the[] misrepresentations or that [his] health was adversely affected." *Donahue*, 13 A.D.3d at 78.

Plaintiff has not sufficiently alleged another harm. He claims that he paid "no less than $3.99 per [ONE Bar], excluding tax, within this district and/or State," and that he "paid this premium because prior to purchase, [P]laintiff saw and relied on

---

[9] ONE Brands does not contest that Plaintiff has alleged the first element.

the misleading representations." *See* Am. Compl. ¶¶ 37, 39.  Elsewhere, Plaintiff

alleges that $3.99 is a "premium price compared to other similar products." *Id.* ¶ 25.

Plaintiff accordingly appears to be grounding his injury in the payment of a premium

for the ONE Bar(s).  He offers no facts to support this bare allegation, including what

the comparable products are and what their prices are.  This Court, however, has

held that "[s]imply reciting the word 'premium' multiple times in the Complaint

does not make [p]laintiffs' injury any more cognizable." *Colella*, 348 F. Supp. 3d

at 143 (quoting *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y.

Oct. 26, 2016)).  Instead, a plaintiff must offer something more—such as allegations

regarding "what the premium was," the "price of non-premium products," or

whether "the defendant or another party set the price" for the product. *Id.*  Without

this sort of information, an injury allegation grounded in a premium payment

remains a "conclusory allegation[] [] insufficient to identify a cognizable injury."

*Id.*  Plaintiff's conclusory allegation contains none of this information and is

accordingly insufficient to support his claim.

### 2.   Plaintiff has not pleaded that ONE Bar's labeling is materially misleading under his carbohydrate theory.

In a statements case, like this one, a plaintiff cannot "survive a motion to

dismiss" unless he plausibly alleges that the statements in question were "'likely to

mislead a reasonable consumer acting reasonably under the circumstances.'" *Axon*,

354 F. Supp. 3d at 182 (quoting *Oswego Laborers' Local 214 Pension Fund v.*

*Marine Midland Bank, N.A.*, 647 N.E.2d 741, 745 (N.Y. 1995)).  This is "an objective inquiry," appropriate for resolution on a motion to dismiss.  *Id.* (citing cases).  Plaintiff fails to plausibly allege that the ONE Bar label is likely to mislead a reasonable consumer into believing that the ONE Bar makes any statement regarding carbohydrates outside of the accurate FDA-mandated nutrition facts statement.

Plaintiff's claim—that the ONE Bar's sugar statement would be reasonably taken as a statement about carbohydrates—is implausible on its face.  Am. Compl. ¶ 21.  The ONE Bar's reference to one gram of sugar is simply a true statement about the amount of sugar in the bar.  A reasonable consumer would take that statement at face value—not imbue it with the meaning Plaintiff alleges.

Indeed, courts adjudicating Section 349 and 350 actions have consistently held that a true statement that a product contains a certain ingredient or follows a certain process is typically just that—it should not be totalized and treated as an implied statement about all other ingredients or processes associated with the product.  This Court's recent decision in *Davis v. Hain Celestial Group, Inc.* is illustrative.  297 F. Supp. 3d 327 (E.D.N.Y. 2018).  There, a plaintiff alleged that the defendant's product label stating that the juice was "cold pressed" was misleading because, although the juice was cold pressed, it also had "undergone processing in the form of high pressure pascalization."  *Id.* at 334–35.  In the plaintiff's view, the

defendant's prominent reference to "cold-pressed juice" "suggest[ed] to the consumer that cold pressing is the last step in the production process." *Id.* at 335. The Court rejected this argument, noting that the "defendant's description of the juice as 'cold pressed' is accurate," and it "does not cease to be a truthful moniker for the juice simply because there were subsequent steps in the juice's production process." *Id.*[10]

At bottom, Plaintiff's gripe is that the front of the ONE Bar label should affirmatively disclose the amount of carbohydrates; to omit this information is misleading.  But courts—including the New York Court of Appeals—have been careful to curtail Section 349 and 350 omission-based claims.  As the Court of Appeals has explained, "in the case of omissions in particular," the "statute surely does not require businesses to ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation."  *Oswego*

---

[10] The Second Circuit's recent decision in *Manitakas v. Kellogg Company*, 910 F.3d 633, 637 (2d Cir. 2018), underscores the impropriety of deriving improbable negative inferences from product labels' affirmative statements.  There the defendant's claim both went to what consumers reasonably understand to be a cracker's "primary ingredient," *i.e.*, grain, and suggested that this "grain ingredient was entirely, or at least predominantly, whole grain," when the opposite was true. *Id.* at 638.  The plaintiffs accordingly were not saddling the defendant's affirmative statement with an unwarranted negative inference, *e.g.*, that cold-pressed juice necessarily had no further processing.  The plaintiffs in *Manitakas* instead read the claim as a "reasonable consumer acting reasonably under the circumstances," and alleged that the defendant's "conduct was, plausibly, deceptive."  *Id.* at 639. Plaintiff here cannot say the same thing.

*Laborers' Local 214 Pension Fund*, 647 N.E.2d at 745; *see also Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 529 (S.D.N.Y. 2003) (not misleading for McDonald's to omit the nutritional content of its food at the point of purchase).  This approach would be unworkable, since no business could know each consumer's specific needs and concerns, let alone craft a label affirmatively addressing each such need or concern.

Plaintiff here asks for this kind of treatment.  He claims that the one-gram statement is "particularly relevant to consumers seeking to abide by dietary restrictions which emphasize low carbohydrate consumption, the keto-genic and 'paelo' diets and those who are diabetic or pre-diabetic."  Am. Compl. ¶ 6.  Putting aside whether these specially-situated individuals would purchase protein bars without reviewing the nutritional labeling, the Amended Complaint contains no allegations that Plaintiff fits in these categories or that these specially-situated consumers are the standard by which §§ 349 & 350 claims are judged.  If ONE Brands must affirmatively disclose on the ONE Bar front label that it has (what in Plaintiff's view is) a surprisingly high number of carbohydrates, others sets of plaintiffs will require a disclosure about fat, sodium, or some other ingredient.  The Court of Appeals has kept a close lid on omission-based claims for good reason.

Finally, even if Plaintiff raised a close question whether the ONE Bar front label's omission of carbohydrate information is objectively misleading, the label's

27

ingredients panel readily resolves any concerns.   Plaintiff's theory of the case entirely ignores the ingredients listing.  This is an error.  A plaintiff can state a claim under Sections 349 and 350 only if the statement is misleading "in light of its context on the product label or advertisement as a whole."  *Mantikas*, 910 F.3d at 636-37 (quoting *Belfiore v. Proctor & Gamble Co.*, 311 F.R.D. 29, 53 (E.D.N.Y. 2015)); *see also Davis*, 297 F. Supp. 3d at 335 (label must be "taken as a whole").  The whole label includes the "ingredient panel."  *Davis*, 297 F. Supp. 3d at 334 (quoting *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 923 (N.D. Ill. 2017)).  Consumers can "resolve any potential ambiguity" associated with the product's front label "by the back panel of the products, which lists all ingredients in the order of predominance."  *Solak v. Hain Celestial Grp., Inc.*, 2018 WL 1870474, at *5 (N.D.N.Y. Apr. 17, 2018); *see also La Vigne v. Costco Wholesale Corp.*, 284 F. Supp. 3d 496, 513–14 (S.D.N.Y. 2018) (canned chicken label not misleading considering the allegation "in the context of the entire Kirkland Canned Chicken package, including its [ingredients] label"), *aff'd*, -- F. App'x --, 2019 WL 2059846 (2d Cir. 2019).

For all the reasons outlined above, the ONE Bar's front label is not even ambiguous as regards its carbohydrate content.  A reasonable consumer would not understand the front label to imply anything about carbohydrates—let alone unlawfully.  But, even if there were an ambiguity or confusion, it would be readily

resolved by the Nutrient Facts Panel, which outlines the number of carbohydrates as well as the source of those carbohydrates.  *See* Am. Compl. ¶ 21 (picture of ingredients panel).  The "clarification" offered by the ingredients panel "defeat[s]" Plaintiff's already-implausible "claim of deception."  *Davis*, 297 F. Supp. 3d at 334 (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013)).    The Section 349 and 350 claim should be dismissed.

### B.    Plaintiff Has Failed To State A Claim Under His Breach Of Warranty Theory.

Plaintiff's implied warranty claim should be dismissed because Plaintiff does not allege that he purchased a ONE Bar directly from ONE Brands or suffered any personal injury.  Absent privity of contract between the seller and the buyer, an implied warranty claim reaches only personal injuries. *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015); *Kolle v. Mainship Corp.*, 2006 WL 1085067, at *6 (E.D.N.Y. Apr. 20, 2006) ("where only economic loss is alleged, implied warranties do not run to remote purchasers.").  Here, there does not appear to be any privity of contract—Plaintiff never alleges that he purchased the ONE Bar(s) directly from ONE Brands.  And in fact, his allegation that he paid "no less than $3.99" per bar, strongly suggests that he bought the bar(s) individually and from a third party.  Am. Compl.  ¶ 37.  Further, there is no allegation of any personal injury.  Plaintiff's implied warranty claim therefore fails.

Plaintiff's warranty claims (express or implied) fail for yet another reason.  To successfully state a warranty claim, courts generally require that a buyer "provide the seller with timely notice of an alleged breach of warranty."  *Colella*, 348 F. Supp. 3d at 143 (quoting *Singleton v. Fifth Generation, Inc.*, 2016 WL 406295, at *12 (N.D.N.Y Jan. 12, 2016)); *see also* N.Y. U.C.C. § 2–607(3)(a)).  Plaintiff gave no notice to ONE Brands of its alleged breach before filing this suit.  For these reasons, his warranty claims must be dismissed.

### C.   Plaintiff Has Failed To State A Claim Under His Fraud Theory.

"To state a claim for fraud under New York law, a plaintiff must allege (1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff."  *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 402 (2d Cir. 2015).  Plaintiff's allegations fail multiple elements.  For example, Plaintiff has not properly alleged the second or third elements.  Nowhere does he allege anything about what ONE Brands "knew to be false" (indeed, since nothing was false ONE Brands could not have known anything to be false) or that ONE Brands had "the intent to defraud." Nor does Plaintiff allege the fifth element: Plaintiff has failed to allege a cognizable injury.  Plaintiff, in sum, has not stated a valid claim for fraud.

Rule 9(b) places "two further burdens on fraud plaintiffs," and Plaintiff meets neither of them. *Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 171.  First, the plaintiff, among other things, "must explain why the statements (or omissions) are fraudulent." *Id.*  Second, the plaintiff must "allege facts that give rise to a strong inference of fraudulent intent." *Id.* (quoting *Lerner*, 459 F.3d at 290–91).  Plaintiff attempts to meet these high standards by alleging that ONE Brands seeks to "take advantage of consumers' cognitive shortcuts and the conflation."  Am. Compl. ¶ 102.  That is not true.  But even if it were, Plaintiff does not "explain" why this would constitute fraud.  *See Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 171. Further, Plaintiff entirely fails to "allege facts that give rise to a strong inference of fraudulent intent." *Id.*  The only intent Plaintiff mentions is ONE Brands' purported intent to "increase[e] market share."  Am. Compl. ¶ 103.  That, of course, is not a fraudulent intent.  Plaintiff's fraud allegations should be dismissed.

### D.    Plaintiff Has Failed To State A Claim Under His Negligent Misrepresentation Theory.

"To prevail on a claim of negligent misrepresentation under New York law, a plaintiff must show '(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information.'" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) (quoting *J.A.O. Acquisition Corp. v. Stavitsky*, 863 N.E.2d 585, 587 (N.Y. 2007)).  Further,

"[l]ike fraud, negligent misrepresentation claims must comport with Rule 9(b)." *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 900 (E.D.N.Y. 2018) (quoting *Boco v. Argent Mortg. Co., LLC*, 2014 WL 1312101, at *6 (E.D.N.Y. Mar. 31, 2014)).

Plaintiff has not alleged facts satisfying the first element, let alone in a way that would satisfy Rule 9(b).  ONE Brands does not have a special duty to Plaintiff or any of the persons in Plaintiff's purported class.  It is well established that there is no duty sufficient to support negligent misrepresentation in the "commercial context" unless the defendant "possesses unique or specialized expertise," or is in a "special position of confidence and trust with the injured party." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004).   In short, a business has "no duty of care" as regards negligent misrepresentation when the "statement at issue is directed at a 'faceless of unresolved class of persons.'" *Aniero Concrete Co. v. N.Y. City Constr. Auth.*, 1997 WL 3268, at *14 (S.D.N.Y. Jan. 3, 1997) (quoting *White v. Guarente*, 372 N.E.2d 315, 318 (N.Y. 1977)).   That, of course, is this case.  Because ONE Brands had no duty to Plaintiff or any of the "faceless" persons in the purported class he claims to represent, it cannot be liable for negligent misrepresentation.  Plaintiff's negligent misrepresentation claim should accordingly be dismissed.

### E.   Plaintiff Has Failed To State A Claim Under His Unjust Enrichment Theory.

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir. 2006). Plaintiff falls far short of meeting these elements. Other than the conclusory claim that ONE Brands obtained "benefits and monies," Am. Compl. ¶ 106, Plaintiff neither explains how nor to what extent ONE Brands benefited at Plaintiff's expense. More important, "equity and good conscience [do not] require restitution." *Beth Israel Med. Ctr.*, 448 F.3d at 586. ONE Brands has done nothing more than sell the ONE Bar in accordance with all laws and regulations.

Plaintiff's unjust enrichment claims also should be dismissed as duplicative. Unless a plaintiff can show in her complaint "how her unjust enrichment claim [under New York law] differs from" her "section[] 349 and 350" and "express warranty" claims, her unjust enrichment claim should be dismissed. *Sitt v. Nature's Bounty, Inc.*, 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016) (citing cases). Plaintiff's unjust enrichment claim overlaps completely with his other claims and should be dismissed for this additional reason.

## IV.   Plaintiff Should Not Receive Leave To Amend.

"Generally, leave to amend should be freely given." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Plaintiff has already amended once and should not be

given a third chance because "amendment would be futile." *Id.*   For all of the reasons outlined above, Plaintiff's claims are expressly preempted and implausible on their face.   That Plaintiff's claims are preempted is a unique "'barrier[] to relief cannot be surmounted by reframing the complaint.'"   *Li v. Borsato*, 2016 WL 7496727, at *2 (E.D.N.Y. Dec. 30, 2016) (quoting *Ashmore v. Prus*, 510 Fed. Appx. 47, 49 (2d Cir. 2013)); *Poretsky v. Hirise Eng'g, P.C.,* 2016 WL 5678880, at *1 (E.D.N.Y. Sept. 30, 2016) (denying leave to amend because preemption made amendment futile); *Semper v. New York Methodist Hosp.*, 786 F. Supp. 2d 566, 582 (E.D.N.Y. 2011) (same).   The Court should accordingly dismiss Plaintiff's complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint with prejudice.

Dated: June 21, 2019

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Benjamin M. Mundel

James D. Arden
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
T: (212) 839-5300
F: (212) 839-5599
jarden@sidley.com

Benjamin M. Mundel
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
T: (202) 736-8000
F: (202) 736-8711
bmundel@sidley.com

*Counsel for Defendant*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I caused a copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Putative Class Action Complaint to be served on the following counsel via email:

Spencer Sheehan
Sheehan & Associates, P.C.
891 Northern Blvd., #201
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800
spencer@spencersheehan.com

*Counsel for Plaintiff*

/s/ Benjamin M. Mundel
Benjamin M. Mundel

# EXHIBIT A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **GLORIA HACKMAN,** | : | **Case No. 2018 CA 005423 B** |
| *Plaintiff*, | : | |
| | : | |
| **v.** | : | **Judge Heidi M. Pasichow** |
| | : | |
| **ONE BRANDS, LLC,** | : | |
| *Defendant*. | : | |

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court based upon Defendant ONE Brands, LLC's Motion to

Dismiss ("Motion"), filed on September 14, 2018 and transferred to the Superior Court for the

District of Columbia on April 17, 2019 following remand from the United States District Court

for the District of Columbia. The Motion to Dismiss has been fully briefed.

### I.      Procedural History

On July 30, 2018, Plaintiff Gloria Hackman filed her Complaint against Defendant ONE

Brands, LLC ("One Brands") in the Superior Court for the District of Columbia. Plaintiff alleges

in the Complaint that Defendant deceptively markets and labels its "ONE Bars," a line of

nutrition bars in flavors such as Birthday Cake and Cinnamon Roll. *See* Compl. ¶ 7. Specifically,

Plaintiff contends that Defendant misrepresents the amount of sugar in ONE Bars and falsely

states that ONE Bars "are certified under the NSF 'Certified for Sport Program.'" Compl. ¶ 19–

22. Plaintiff states in the Complaint that her claims are brought "individually and on behalf of all

others similarly situated and the general public of the District of Columbia[.]" Compl. at 1.

Plaintiff's Complaint contains one count for violation of the District of Columbia Consumer

Protection and Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.*

On September 7, 2018, Defendant removed the case to the United States District Court

for the District of Columbia. On September 14, 2018, Defendant filed the instant Motion to

Dismiss. On September 28, 2018, Plaintiff filed an Opposition to the Motion and on October 7, Defendant filed its Reply. On October 9, 2018, Plaintiff filed a Motion to Remand for Lack of Subject Matter Jurisdiction. The Motion to Remand was fully briefed.

On April 1, 2019, Judge Colleen Kollar-Kotelly issued an Order granting Plaintiff's Motion to Remand.  The Order further stated that Defendant's Motion to Dismiss was held in abeyance for the Superior Court to resolve on remand. On April 17, 2019, the case was transferred to the Superior Court for the District of Columbia. On May 14, 2019, Presiding Judge of the Civil Division, Laura A. Cordero, assigned the case to Judge Heidi M. Pasichow. A Status Hearing is currently scheduled for June 28, 2019.

## II.     Defendant's Motion to Dismiss

Defendant advances three principal arguments why the claims in the Complaint should be dismissed.

First, Defendant argues that the Nutrition Labeling and Education Act (NLEA), 21 U.S.C. § 301 *et seq.*, expressly preempts Plaintiff's sugar content claims because it provides that a state may not, through tort law,  establish requirements for labeling of food that are not identical to the federal requirements. Def.'s Mot. at 7–9.

Second, Defendant contends that Plaintiff lacks standing to bring claims regarding NSF Certification because Plaintiff fails to allege (1) that she suffered an injury in fact based on Defendant's representations about NSF Certification and (2) that Defendant's representations caused an injury to Plaintiff through her reliance on representations about NSF Certification in making the decision to purchase ONE Bars. Def.'s Mot. at 10–11.

Lastly, Defendant argues that Plaintiff has failed to state a claim for violation of the CPPA because (1) Plaintiff "does not plausibly plead that [Defendant] advertises ONE Bars as

NSF-Certified," and (2) Plaintiff "does not plausibly plead reliance or damages." Def.'s Mot. at 11–17.

### III.    Legal Standard

Although Defendant's Motion to Dismiss, which was originally filed in federal court, cites to federal rule 12(b)(6) , Rule 12(b)(6) of the Superior Court Rules of Civil Procedure is identical.

A complaint is subject to dismissal under Super. Ct. Civ. R. 12(b)(6) for failure to state a claim on which relief can be granted if it does not satisfy the requirement, set forth in Super. Ct. Civ. R. 8(a)(2), that it contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Potomac Dev. Corp. v. District of Columbia*, 28 A.3d 531, 544 (D.C. 2011). The notice pleading rules do "not require detailed factual allegations," *id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and all factual allegations in a complaint challenged under Rule 12(b)(6) must be presumed true and liberally construed in the plaintiff's favor, *Grayson v. AT&T Corp.*, 15 A.3d 219, 228-29 (D.C. 2011). Nevertheless, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Potomac Dev. Corp.*, 28 A.3d at 544 (quoting *Iqbal*, 556 U.S. at 678), and the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* "The requirement of facial plausibility 'asks for more than a sheer possibility that a defendant has acted unlawfully,' and a complaint falls short of showing a plausible entitlement to relief if it 'pleads facts that are merely consistent with a defendant's liability.'" *Tingling-Clemmons v. District of Columbia*, 133 A.3d 241, 246 (D.C. 2016) (quoting *Potomac Dev. Corp.*, 28 A.3d at 544). "To satisfy Rule 8 (a), plaintiffs must 'nudge[] their claims across the line from conceivable to plausible.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). Thus, although a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," *Grayson*, 15 A.3d at 229, the "factual allegations must be enough to raise a right to relief above the speculative level," *OneWest Bank, FSB v. Marshall*, 18 A.3d 715, 721 (D.C. 2011) (quoting *Chamberlain v. American Honda Fin. Corp.*, 931 A.2d 1018, 1023 (D.C. 2007)). And although "legal conclusions can provide the framework of a complaint," conclusory allegations "are not entitled to the assumption of truth," and "they must be supported by factual allegations." *Potomac Dev. Corp.*, 28 A.3d at 544 (citing *Iqbal*, 556 U.S. at 664).

## IV.    Discussion

### a.   *Federal Preemption*

Under the Supremacy Clause, federal law preempts state law that "interferes with or is contrary to federal law." *Bostic v. D.C. Hous. Auth.*, 162 A.3d 170, 173 (D.C. 2017). Federal law can preempt state law expressly or impliedly. *Id.* Express preemption occurs "where statutory language reveals an explicit congressional intent to pre-empt state law." *Murray v. Motorola, Inc.*, 982 A.2d 764, 771 (D.C. 2009) (internal quotation marks and ellipses omitted). Implied preemption occurs in either of two ways: through conflict preemption, which occurs "where compliance with both federal and state regulations is a physical impossibility or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *id.* (internal quotation marks, ellipses, and brackets omitted); or through field preemption, which "occurs when federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it," *id.* at 771–72. Courts addressing questions of preemption, whether express or implied, begin "with the assumption that the historic police powers of the States [are] not to be superseded by [federal

law] unless that was the clear and manifest purpose of Congress." *Altria Group, Inc. v. Good*, 555 U.S. 70, 77 (2008) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)).

Here, Defendant argues that Plaintiff, through the instant tort action, is attempting to impose a labeling requirement different than that imposed by federal law and enforced by the United States Food and Drug Administration ("FDA").

Although the Court agrees that the Complaint should be dismissed if, indeed, the relief sought by Plaintiff would interfere with the FDA's power over nutrition labeling, Defendant relies on an inaccurate interpretation of Plaintiff's Complaint. Plaintiff's Complaint is not about the nutrition labels on ONE Bars but concerns Defendant's marketing of ONE Bars. The Complaint refers throughout to allegedly deceptive marketing materials located on Defendant's website. *See, e.g.*, Compl. ¶ 11. The Complaint then specifically states that Plaintiff's references to "labels" are to representations made on "the front of OneBar labels," and not the federally-regulated nutrition labels located, as most all of these labels are, on the back of the product. *See* Compl. ¶ 34; *see also id.* ¶ 19 ("One Brands' sale of One Bars deceives consumers because the *front of the package* touts the low sugar content of the bars.") (emphasis added). Defendant, then, does not raise any preemption arguments regarding the marketing of food products and, therefore, the Motion to Dismiss must be denied on the basis of preemption.

### b.  *Standing*

"In essence the question of standing is whether the litigant is entitled to have the court decide on the merits of the dispute or of particular issues, or, put another way, the determination of whether a specific person is the proper party to bring a matter to the Court for adjudication." *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 730–31 (D.C. 2000)

(internal citations, quotation marks omitted). "Standing requirements are met when a party demonstrates (1) an injury in fact, (2) a causal connection between the injury and the conduct of which the party complains, and (3) redressability, *i.e.*, that it is likely that a favorable decision will redress the injury." *Randolph v. ING Life Ins. & Annuity Co.*, 973 A.2d 702, 705 (D.C. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "Injury-in-fact involves the 'invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* at 706 (quoting *Miller v. Bd. of Zoning Adjustment*, 948 A.2d 571, 574 (D.C. 2008)). Specifically in the CPPA context, "deprivation of [the] statutory right to be free from improper trade practices may constitute an injury-in-fact sufficient to establish standing, even though the plaintiff would have suffered no judicially cognizable injury in the absence of the statute." *Grayson v. AT&T Corp.*, 15 A.3d 219, 249 (D.C. 2011) (internal quotation marks, brackets omitted).

Defendant asserts that Plaintiff does not have standing to pursue a claim related to "NSF Certification" of ONE Bars because she has not alleged that she suffered an injury in fact or that Defendant's representations about NSF Certification caused her injury, the first and second elements of the standing requirement. Specifically, Defendant argues that Plaintiff failed to allege "that she was *exposed to, saw, relied on, or was deceived by* any claim regarding NSF Certification." Def.'s Mot. at 10.

The Court disagrees. Like the plaintiff in *Grayson*, Plaintiff Gloria Hackman has alleged that she has been deprived of the right to accurate information provided for in the CPPA and that Defendant's "allegedly unlawful conduct led to or threatened such an injury." *See Grayson*, 15 A.3d at 249–50; *see also Stone v. Landis Const. Co.*, 120 A.3d 1287, 1289 (D.C. 2015) ("When a plaintiff alleges injury to statutorily-conferred rights, we do not look ahead to the merits of

whether the alleged statutory right actually exists, but only inquire whether the plaintiff has alleged an injury potentially covered by the statute at issue."). The CPPA also explicitly states that "[a]n individual may . . . on behalf of both the individual and general public, bring an action seeking relief from the use of a trade practice in violation of a law of the District[.]" D.C. Code § 28-3905(k)(1)(B). Plaintiff's allegation in the Complaint that Defendant misrepresents that ONE Bars are part of the NSF Certified for Sport Program and that this certification provides consumers with an inaccurate perception of ONE Bars' health properties is, therefore, sufficient to allege standing and survive a Motion to Dismiss.

### c. *Failure to State a Claim for Violation of the CPPA*

Finally, Defendant argues that Plaintiff has failed to state a claim for violation of the CPPA because Plaintiff "does not plausibly plead that [Defendant] advertises ONE Bars as NSF-Certified," and "does not plausibly plead reliance or damages."

The Court concludes that Defendant's arguments are without merit. First, at the 12(b)(6) stage, all factual matters in the Complaint must be presumed true and liberally construed in the Plaintiff's favor. *Grayson*, 15 A.3d at 228–29. Therefore, Defendant's contention that, contrary to allegations in the Complaint, statements about NSF Certification are not contained on the label of ONE Bars or on its website cannot be assessed at this time. Furthermore, the CPPA is clear that plaintiffs do not need to allege that they actually relied on misrepresentations in order to state a claim. Rather, it is enough that a misrepresentation or ambiguity has a "tendency to mislead." D.C. Code §§ 28-3904(e), (f-1). With regards to damages, the CPPA also does not require a specific, detailed allegation of damages as, at a minimum, a civil penalty of $1,500 is awarded for each CPPA violation without further proof of any individualized damages. *See* D.C. Code § 28-3905(k)(1)(A); *see also Grayson*, 15 A.3d at 258–59.

**Conclusion**

For the foregoing reasons, it is this 18th day of June, 2019,

**ORDERED** that Defendant's Motion to Dismiss is **DENIED**; it is,

**FURTHER ORDERED** that Defendant shall file an Answer to the Complaint within

twenty one (21) days of the docketing of this Order; and it is,

**FURTHER ORDERED** that the Status Hearing currently scheduled for June 28, 2019 is

**VACATED** and **RESCHEDULED for July 12, 2019 at 9:30 a.m. in Courtroom 516**.

<div align="center">

*Heidi M. Pasichow*

_____

**Heidi M. Pasichow**
**Associate Judge**
**(Signed in Chambers)**

</div>

**Copies e-served to:**

Jason Rathod
*Counsel for Plaintiff*

Benjamin Mundel
Christopher Eiswerth
Frank Volpe
*Counsel for Defendant*