UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

JOSE MELENDEZ, individually and on behalf of all others similarly situated,

                Plaintiff,

- v -

ONE BRANDS, LLC,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

No. 18-cv-06650-CBA-SJB

**NOTICE OF SUPPLEMENTAL AUTHORITY**

    In its motion to dismiss, Defendant ONE Brands, LLC informed the Court that it planned to file a motion for reconsideration and in the alternative a motion for an interlocutory appeal in the *Hackman v. ONE Brands* case that is pending in D.C. Superior Court. ONE Brands files this notice of supplemental authority to provide this Court with the Court's decision on that motion. *See* Attachment A.

    While the D.C. Superior Court denied ONE Brands' motion, the Court importantly clarified that Plaintiff's sugar content claims are preempted unless she can "demonstrate that her precise testing methods of the ONE Bars adhered ot the FDA's methodology." Attachment A at 6. Specifically, the Court explained that "[w]hile the Court's Order implied that Defendant's preemption argument about 'nutrition content labeling' only applied to the nutrition facts on the back of ONE Bars, the citations provided by Defendant in its Motion for Reconsideration demonstrate that nutrient content claims made throughout the packaging of ONE Bars and on its website may also be preempted by the Nutritional Labeling and Education Act." Attachment A.

at 4.  "Additionally, the Court specifically agrees with Defendant that claims about the precise amount of sugar in ONE Bars on Defendant's website may also be preempted." *Id.*

The Court maintained, however, that D.C. Superior Court of Civil Procedure rules did not require the Plaintiff to plead compliance with the FDA methodology in her complaint, but rather required her to "demonstrate that her precise testing methods" complied with FDA rules at summary judgment. *Id.* at 6.  ONE Brands disagrees with that holding, which does not apply under this Court's decisions.  But this Court need not even reach that issue as Plaintiffs' complaint in this case can be dismissed for the other unrebutted reasons described in ONE Brands' motion to dismiss. *See* ECF No. 22 at 22-32.

Dated: New York, New York

December 5, 2019

 

SIDLEY AUSTIN LLP

By: /s/ Benjamin M. Mundel
Benjamin M. Mundel (admitted *pro hac vice*)
bmundel@sidley.com
1501 K ST NW
Washington, DC 20005
Tel: (202) 736-8157
Fax: (212) 839-5599

James D. Arden
jarden@sidley.com
787 Seventh Avenue
New York, New York 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
*Attorneys for Defendant One Brands, LLC*