# ATTACHMENT A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| GLORIA HACKMAN, | : | Case No. 2018 CA 5423 B |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| ONE BRANDS, LLC, | : | |
| *Defendant.* | : | Judge Heidi M. Pasichow |

<u>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR, IN THE
ALTERNATIVE, CERTIFICATION FOR INTERLOCUTORY APPEAL</u>

This matter is before the Court based upon Defendant ONE Brands, LLC's Motion for

Reconsideration, or in the Alternative, Certification for Interlocutory Appeal ("Motion"), filed on

June 28, 2019. Plaintiff has filed an Opposition to the Motion.

### I. Procedural History

On July 30, 2018, Plaintiff Gloria Hackman filed her Complaint against Defendant ONE

Brands, LLC ("ONE Brands") in the Superior Court for the District of Columbia. Plaintiff

alleges in the Complaint that Defendant deceptively markets and labels its "ONE Bars," a line of

nutrition bars in flavors such as Birthday Cake and Cinnamon Roll. *See* Compl. ¶ 7. Specifically,

Plaintiff contends that Defendant misrepresents the amount of sugar in ONE Bars and falsely

states that ONE Bars "are certified under the NSF 'Certified for Sport Program.'" Compl. ¶ 19–

22. Plaintiff states in the Complaint that her claims are brought "individually and on behalf of all

others similarly situated and the general public of the District of Columbia[.]" Compl. at 1.

Plaintiff's Complaint contains one count for violation of the District of Columbia Consumer

Protection and Procedures Act ("CPPA"), D.C. Code § 28-3901 *et seq.*

On September 7, 2018, Defendant removed the case to the United States District Court

for the District of Columbia. On September 14, 2018, Defendant filed the instant Motion to

Dismiss. On September 28, 2018, Plaintiff filed an Opposition to the Motion and on October 7,

Defendant filed its Reply. On October 9, 2018, Plaintiff filed a Motion to Remand for Lack of

Subject Matter Jurisdiction. The Motion to Remand was fully briefed.

On April 1, 2019, Judge Colleen Kollar-Kotelly issued an Order granting Plaintiff's

Motion to Remand.  The Order further stated that Defendant's Motion to Dismiss was held in

abeyance for the Superior Court to resolve on remand. On April 17, 2019, the case was

transferred to the Superior Court for the District of Columbia. On May 14, 2019, Presiding Judge

of the Civil Division, Laura A. Cordero, assigned the case to Judge Heidi M. Pasichow. On June

18, 2019, the Court denied Defendant's Motion to Dismiss, finding that Plaintiff's sugar-content

claims could not be dismissed based on the argument that the sugar content claims were

preempted by federal law nor on the basis that Plaintiff did not have standing to assert her NSF-

certification claim. In the instant Motion, Defendant requests that the Court reconsider this

decision, or in the alternative, certify the issues for interlocutory appeal. Mot. at 2.

## II.     Legal Standard

### a.  *Rule 54(b)*

Under Rule 54(b) of the Superior Court Rules of Civil Procedure,

"[A]ny order or other decision, however designated, that adjudicates fewer than all the

claims or the rights and liabilities of fewer than all the parties does not end the action as to any of

the claims or parties and may be revised at any time before the entry of a judgment adjudicating

all the claims and all the parties' rights and liabilities."

### b.  *D.C. Code § 11-721(d)*

Under D.C. Code § 11-721(d),

 When a judge of the Superior Court of the District of Columbia in making in a
 civil case . . . a ruling or order not otherwise appealable under this section, shall

be of the opinion that the ruling or order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from the ruling or order may materially advance the ultimate termination of the litigation or case, the judge shall so state in writing in the ruling or order. The District of Columbia Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from that ruling or order.

### c.  *Effect of Rule 54(b ) and D.C. Code  § 11-721(d) on Interlocutory Appeals*

The jurisdiction of the District of Columbia Court of Appeals is limited to reviewing "final orders and judgments of the Superior Court of the District of Columbia." *Dyer v. Bergman*, 635 A.2d 1285, 1286-87 (D.C. 1993) (quoting D.C. Code § 11-721 (a)(1) (1989)). One exception to this general "finality" rule is the certification of a question of law to the Court of Appeals by a trial judge, pursuant to D.C. Code § 11-721 (d) and Super. Ct. Civ. R. 54 (b), before the entire case has been adjudicated. *District of Columbia v. Eastern Trans-Waste of Md., Inc.*, 758 A.2d 1, 7 (D.C. 2000); *see, e.g., Jones v. American Express* Co., 485 A.2d 607 (D.C. 1984). This exception allows for an "interlocutory" order which resolves some, but not all of the claims between parties, to be appealed *only* where there is "a controlling question of law as to which there is substantial ground for a difference of opinion and that an immediate appeal from the ruling or order may materially advance the ultimate termination of the litigation or case." *Rolinski v. Lewis*, 828 A.2d 739, 750 (D.C. 2003) (citing D.C. Code § 11-721(d)); *see also Hagner Management Corp. v. Lawson*, 534 A.2d 343, 344 (D.C. 1987).

This certification exception, however, "in no way limits [the court's] power to independently determine the suitability of § 11-721(d) to the litigation involved." *Plunkett v. Gill*, 287 A.2d 543, 545 (D.C. 1972); *see also W.R. Grace & Co. v. Galvagna*, 633 A.2d 25 (D.C. 1993) (denying application for appeal under § 11-721 (d)). The trial court has full discretion under Rule 54(b) to reconsider an earlier "improvident" interlocutory order so long as reconsideration is consonant with justice, given that interlocutory orders do not "terminate

litigation between parties." *See Marshall v. United States,* 145 A.3d 1014, 1019 (D.C. 2016);

*Moyer v. Moyer*, 134 A.2d 649, 650 (D.C. 1957). One basis for such reconsideration is when it

becomes clear, "that the original decision was based on a manifest error of law or was clearly

unjust." *See Bernal v. United States*, 162 A.3d 128, 133 (D.C. 2017).

### III.   Discussion

#### a.   *Federal Preemption*

First, the Court concludes that Defendant has provided additional context about the

federal nutritional labeling scheme that warrants clarification from the Court's June 18, 2019

Order. While the Court's Order implied that Defendant's preemption argument about "nutrition

content labeling" only applied to the nutrition facts on the back of ONE Bars, the citations

provided by Defendant in its Motion for Reconsideration demonstrate that nutrient content

claims made throughout the packaging of ONE Bars and on its website may also be preempted

by the Nutritional Labeling and Education Act ("NLEA"). *See* 21 C.F.R. § 101.13(b), (c)

(regulating nutrition content claims "on the label *or in the labeling*") (emphasis added); *see also*

21 U.S.C. § 321(m) (defining "label" as including "other written, printed, or graphic matter"

"upon" or "accompanying" food products). Additionally, the Court specifically agrees with

Defendant that claims about the precise amount of sugar in ONE Bars on Defendant's website

may also be preempted. Although not binding, guidance from the FDA states that "labeling"

claims should extend to "nutrient content claims" made on a company's website. *See* Def.'s Mot.

at 5 n.2. At least in the context of "nutrient content claims," an expanded definition of "labeling"

makes sense as it would be inconsistent to enforce one standard on the product packaging and

another on advertisements.

Despite the need to elaborate on the June 18, 2019 Order, the Court still concludes that Plaintiff has stated a claim for relief under the CPPA and may proceed on the Complaint. First, case law cited by both parties clarifies that Plaintiff's CPPA claim regarding the sugar content of ONE Bars may proceed if Plaintiff is seeking simply to enforce the federal standard. *See, e.g.*, *Turek v. General Mills, Inc.*, 662 F.3d 423 (7th Cir. 2011) (explaining that "any labeling disclosures required by a state must be identical" to "the FDA's requirements"). That same case law also universally holds that plaintiffs must demonstrate that they utilized the same testing standard as the FDA. *See, e.g.*, *Gubala v. CVS Pharm., Inc.*, No. 14 C 9039, 2016 U.S. Dist. LEXIS 32759, *1, *27 (N.D. Ill. Mar. 15, 2016). However, the parties disagree as to whether Plaintiff has sufficiently alleged that she "adhered to the 12-subsample testing method described in 21 C.F.R. § 101.9(g)(2)." Pl.'s Opp'n at 5. The Court, then, agrees with Plaintiff that although the Complaint does not contain a detailed account of specific adherence to the 12-step testing methodology of 21 C.F.R. § 101.9(g)(2), "pleading the 12-sample methodology is not required to survive a motion to dismiss[.]" *Smith v. Allmax Nutrition, Inc.*, Case No. 1:15-cv-00744-SAB, 2015 U.S. Dist. LEXIS 171897, *1, *22 n.1 (E.D. Cal. Dec. 24, 2015). Because Super. Ct. Civ. R. 8 requires only that the Complaint contain "a short and plain statement of the claim," Plaintiff need not allege with detail her testing methodology of the ONE Bars.

b.  *Standing*

As to Plaintiff's standing to bring the CPPA claim, Defendant has not raised any new arguments, and thus, the Court's prior ruling should not be disturbed. Specifically, Defendant has made no direct argument that the Court misinterpreted the Court of Appeals' decisions regarding standing under the CPPA in *Stone* and *Grayson*. *See Stone v. Landis Constr. Co.*, 120 A.3d 1287 (D.C. 2015); *Grayson v. AT&T Corp.*, 15 A.3d 219 (D.C. 2011) (en banc).

### c. *Request for an Interlocutory Appeal*

Following the Court's expanded ruling allowing the case to move forward, it sees no compelling reason why Defendant should be permitted to appeal what is a non-final order of the Court. Specifically, the Court does not believe "that the ruling or order involves a controlling question of law *as to which there is substantial ground for a difference of opinion* and that an immediate appeal from the ruling or order may materially advance the ultimate termination of the litigation or case." D.C. Code § 11-721(d) (emphasis added). As the foregoing discussion demonstrates, the Court essentially agrees with Plaintiff that Defendant is not permitted to enforce through this litigation a different requirement for labeling nutritional content, that is, how Defendant represents the precise amount of sugar in its ONE Bars. The question on the sugar-content claim moving forward will be whether Plaintiff can demonstrate that her precise testing methods of the ONE Bars adhered to the FDA's methodology and, based on that testing, whether Defendant's representations about the ONE Bars were, in fact, false or misleading. Given Defendant's arguments in the pleadings thus far, the Court expects a motion for summary judgment on the issue. As to standing, the Court finds that Defendant's arguments misrepresent the Court of Appeals' holdings in *Stone* and *Grayson* rather than demonstrate a "substantial ground for a difference of opinion."

## IV. *Conclusion*

For the foregoing reasons, it is this 12th day of August, 2019,

**ORDERED** that Defendant's Motion for Reconsideration, or in the Alternative, Certification for Interlocutory Appeal is **DENIED**; and it is,

**FURTHER ORDERED** that this case remains set for a Status Hearing on August 23, 2019.

**Heidi M. Pasichow**
**Associate Judge**

**Copies e-served to:**

Jason Rathod
*Counsel for Plaintiff*

Benjamin Mundel
Christopher Eiswerth
Frank Volpe
*Counsel for Defendant*